**SAGASER, JONES & HAHESY**
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, California  93717-1632
Telephone:  (559) 233-4800

William C. Hahesy #105743
Rose M. Huelskamp #229173

Attorneys for:  Defendant Melkonian Enterprises, Inc., and Mark Melkonian

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AGUILAR, individually and on behalf of all other similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>MELKONIAN ENTERPRISES, INC., and MARK MELKONIAN<br><br>            Defendants. | Case No. **CV-F-05-00032 OWW LJO**<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

The parties, Plaintiff Arturo Aguilar and Defendants Melkonian Enterprises, Inc. and Mark Melkonian (collectively the "Stipulating Parties"), hereby stipulate, by and through their respective attorneys of record, to the entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Order creates no entitlement to file confidential information under seal.  Civil Local Rule 39-141 sets forth the procedures that must be followed when a party seeks permission from the Court to file

documents under seal.

      1.    Any document, or portion thereof, and any other form of evidence or discovery contemplated under the Federal Rules of Civil Procedure which, in the good faith opinion of the party providing such discovery (the "Producing Party"), contains any confidential information, including third-party privacy documents, or other proprietary information ("Confidential Information"), may be designated by the Producing Party as confidential.

      2.    The term "Litigation" used herein shall mean only the litigation pending before the United States District Court for the Eastern District of California, Fresno Division, *Aguilar v. Melkonian Enterprises, et al.*, Case No. CV-F-05-00032 OWW LJO, and any litigation to enforce any judgment thereon or appeals thereof.

      3.    Confidential Information may be designated as follows:

      a.    Documents or copies of the same provided by a Producing Party to the other parties containing Confidential Information shall be designated by marking the page or the pages on which the Confidential Information appears with the legend: "CONFIDENTIAL."

      b.    In lieu of marking each page, the Producing Party may, at its option, Bates-stamp the documents and identify in writing groups of pages between which all the documents or information contain Confidential Information.

      c.    In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the Producing Party may orally designate such documents being produced for inspection as Confidential Information thereby making them subject to this Stipulation and Order.  However, copies of such documents must be marked "CONFIDENTIAL."

      d.    Confidential Information disclosed at a deposition may be designated by a Producing Party as Confidential Information by: (1) clearly indicating at the deposition and on the record, as set forth below, the specific testimony containing the Confidential Information that is to be made subject to the provisions of this Stipulation

and Order; and (2) clearly indicating in writing to the other parties within 40 days of the completion of the deposition.

    e. Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by the parties to the litigation by prominently marking each page containing Confidential Information with the legend "CONFIDENTIAL."

    f. The attorney of record shall be responsible for ensuring that any of their work-product which contains Confidential Information of the Producing Party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court comply with this Protective Order.

    4. Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a party's attention that information or items that it designated for protection do not qualify for protection, that party should promptly notify all other parties that it is withdrawing the mistaken designation.

    5. Confidential Information shall only be disclosed and made available to the following designated persons:

    a. The attorneys of record for each party to this action and their/its agents and firm staff, including associates, paralegals, secretaries, and support staff and the like;

     b. Contract or temporary personnel retained to perform work relative to this Litigation;

     c. Any person designated by order of the Court after notice to all parties;

     d. Independent experts or consultants retained by a party or counsel of record in connection with this Litigation ("Retained Experts or Consultants"), provided such Retained Experts or Consultants agree to be bound by this Stipulation, to use such confidential information solely for purposes of this Litigation and not to disclose any such Confidential Information to any other person, firm, or concern;

     e. The Court and its personnel;

     f. Court stenographers, outside copy services, interpreters and translators whose functions require them to have access to Confidential Information;

     g. The parties to this action;

     h. Witnesses in the action to whom disclosure is reasonably necessary; and

     i. The author of the document or the original source of the information.

    6. All Confidential Information produced or exchanged in the course of this Litigation shall be used solely for the purpose of this Litigation.  No Confidential Information shall be provided to any person or any entity other than as specifically set forth herein.  In the event any request, subpoena, or other effort is made to obtain Confidential Information by other than those persons designated herein, no such Confidential Information shall be provided absent consent of the Stipulating Parties.  Alternatively, upon an order of this Court and after due notice and opportunity for all parties to be heard, the Stipulating Parties may release any such Confidential Information specified in the order.

    7. Nothing in this Order shall prevent a party from using any Confidential Information at depositions, mediation, or during a hearing in this Litigation.

However, the party using such information or material must request that the portion of the proceeding or the use of the material shall be made *in camera* and that the transcript of the portion of the proceeding be maintained under seal with access limited to persons entitled to access under this Order. During the course of any hearing or the trial of this Litigation, if any party believes that the information sought contains Confidential Information, he or she may so declare.

8. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Litigation disagrees at any point in these proceedings with the designation by the producing party of any confirmation of Confidential Information, the party shall first try to dispose of such dispute in a genuine good faith effort and on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

The burden of persuasion in any challenge proceeding regarding any confidentiality designation shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party of Confidential Information consents in writing to such disclosure.

10. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the parties' claim of confidentiality. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential and subject to this Stipulation and Order. Such notification shall constitute a designation of the information as Confidential Information.

11. This Protective Order shall not prevent any of the parties from applying to the Court for further or additional protective orders, or from agreeing among

themselves to modification of this Protective Order as it relates to the Stipulating Parties' documents.


DATED:  July 28, 2005						SAGASER, JONES & HAHESY


								By: /s/ William C. Hahesy
								    William C. Hahesy,
								    Attorneys for Defendants
								    Melkonian Enterprises, Inc., and Mark
								    Melkonian



DATED:  July 29, 2005						LEWIS, FEINBERG, RENAKER & JACKSON


								By: /s/ Vincent Cheng
								    Vincent Cheng,
								    Attorneys for Plaintiff
								    Arturo Aguilar


        IT IS SO ORDERED.


**Dated:   August 1, 2005**				        /s/ Lawrence J. O'Neill
66h44d							UNITED STATES MAGISTRATE JUDGE