**LEWIS, FEINBERG, RENAKER & JACKSON, P.C.**
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

Daniel M. Feinberg #135983
Vincent Cheng #230827

Attorneys for: Plaintiff Arturo Aguilar, individually and in his representative capacity

**SAGASER, JONES & HAHESY**
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, California 93717-1632
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

William C. Hahesy #105743
Rose M. Huelskamp #229173

Attorneys for: Defendants Melkonian Enterprises, Inc., and Mark Melkonian

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AGUILAR, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MELKONIAN ENTERPRISES, INC., and MARK MELKONIAN<br><br>Defendants. | Case No. CV-F-05-00032 OWW LJO<br><br>**NOTICE OF CLASS ACTION SETTLEMENT AND NOTICE OF FINAL SETTLEMENT HEARING**<br><br>**FINAL SETTLEMENT HEARING**<br>DATE: January 22, 2007<br>COURTROOM: Three (3)<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Oliver W. Wanger |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: **ALL PERSONS who are or were participants in and beneficiaries of (1) the Melkonian Enterprises, Inc. Employee Pension Plan (the "Pension Plan"), which is also known as the Amended Employees' Pension Plan of Melkonian Enterprises, Inc. and the Restated Employees Money Purchase Plan of Melkonian Enterprises,**

{6493/002/00198911.DOC}                                              1
_____
NOTICE OF CLASS ACTION SETTLEMENT AND NOTICE OF FINAL SETTLEMENT HEARING

PDF created with pdfFactory trial version www.pdffactory.com

**Inc. and/or (2) the Melkonian Enterprises, Inc. Profit Sharing Plan ("Profit Sharing Plan") During the Period from January 6, 1999 to October 2, 2006 (the "CLASS")**

**PLEASE READ THIS NOTICE OF CLASS ACTION SETTLEMENT AND NOTICE OF FINAL SETTLEMENT HEARING ("NOTICE") CAREFULLY.**

**I.         INTRODUCTION**

1.         The Parties to the above class action (the "Lawsuit") have reached a proposed settlement (the "Settlement"). The United States District Court, Eastern District of California, has preliminarily approved the Settlement. This Notice informs you about the nature of the Lawsuit, and the terms of and your rights under the proposed Settlement. Under the terms of the Settlement, which are described in more detail below, Defendants Melkonian Enterprises, Inc. and Mark Melkonian ("Defendants") will pay a sum of two hundred ninety-five thousand dollars ($295,000.00). The Settlement will resolve and release all claims asserted in or arising out of the Lawsuit. A Final Settlement Hearing will be held on January 22, 2007, at 10:00 a.m. to determine whether the Settlement should be granted final approval. **Because the Settlement may affect your legal rights, it is extremely important that you read this Notice carefully. If you desire to participate in the Settlement, you do not need to appear at the hearing or do anything further. You will be included in the Class and subject to the terms of the Settlement and Final Judgment if the Court grants final approval to the Settlement. However, if you desire to object to the Settlement, you must comply with the requirements stated in paragraphs 16 and 17 below.**

**II.        WHY SHOULD I READ THIS NOTICE?**

2.         If you received this Notice, it is because it is believed that you are or were a participant in or beneficiary of either the Pension Plan or the Profit Sharing Plan, or both, during the period January 6, 1999 to October 2, 2006, and that you are thus a member of the Class. If that is correct, then the information contained in this Notice affects your legal rights.

//

//

PDF created with pdfFactory trial version www.pdffactory.com

## III. WHAT IS A CLASS ACTION?

3. A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. In a class action, a representative plaintiff, also known as a class representative, files a lawsuit on behalf of the entire class. This avoids the necessity for a large number of individual lawsuits and enables the court to resolve similar claims efficiently. In a class action, the court supervises the prosecution of class claims by class counsel to ensure fairness.

## IV. PURPOSE OF THIS NOTICE

4. The United States District Court, Eastern District of California has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the Settlement of this class action and your potential rights under it.

## V. THE CLASS AND CLASS COUNSEL

5. The Class is all participants in and beneficiaries of the Pension Plan and Profit Sharing Plan during the period from January 6, 1999 to October 2, 2006, excluding Dennis Melkonian, Douglas Melkonian, Mark Melkonian, Susan Melkonian, also known as Marla Sloane, Victoria Melkonian, and Violet Melkonian. The Court has appointed the following law firm as Class Counsel:

> Daniel M. Feinberg
> Vincent Cheng
> **LEWIS, FEINBERG, RENAKER & JACKSON, P.C.**
> 1330 Broadway, Suite 1800
> Oakland, CA 94612
> Telephone: (510) 839-6824
> Facsimile: (510) 839-7839

## VI. SUMMARY OF THE LITIGATION

6. On January 6, 2005, Arturo Aguilar (at times referred to as "the Representative Plaintiff") filed the Lawsuit against Defendants in the United States District Court, Eastern District of California, Action No. CV-F-05-0032 OWW LJO. Both Defendants have answered the Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

7.  The Representative Plaintiff alleges that the Plans suffered investment losses for various years, including 1999 through 2003.  The Representative Plaintiff also alleges that Melkonian Enterprises, Inc. failed to inform him and the Class that the Pension Plan had been terminated or merged into the Profit Sharing Plan as of April 1, 2001.  He further alleges that as a result of such failure, the termination of the Pension Plan was void.

8.  The Representative Plaintiff alleges two claims.  The First Claim for Relief alleges that Defendants breached their fiduciary duties by not prudently investing the Plan assets.  The Second Claim for Relief alleges that Defendant Melkonian Enterprises, Inc. failed to provide proper notice of the termination of the Pension Plan or the merger of the Plans.

9.  The Complaint seeks, among other things, a declaration that Defendants breached their fiduciary duties, an order requiring Defendants to restore the losses to the Plans, a declaration that the termination of the Pension Plan was void, attorneys' fees, and prejudgment interest.

10.  Defendants deny the allegations in the Complaint and have asserted defenses to the Representative Plaintiff's claims.  Defendants agreed to this Settlement without any admission of wrongdoing or liability whatsoever.

11.  The Court has made no determination on the merits of the Representative Plaintiff's claims; it has determined that, for purposes of settlement only, the Representative Plaintiff satisfied the requirements to maintain the Lawsuit as a class action.

12.  On October 2, 2006, the Court heard the Representative Plaintiff's Motion for Order Conditionally Certifying a Settlement Class, Preliminary Approval of the Joint Stipulation of Settlement, Approving Notice of Class Action Settlement and Setting the Final Settlement Hearing.  As a result of that hearing, the Court made the following initial findings and rulings, among others:

a.  That the Settlement set forth in the Joint Stipulation is preliminarily approved.  A Final Settlement Hearing is set to determine whether the Settlement shall be granted final approval;

b.  Pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil

PDF created with pdfFactory trial version www.pdffactory.com

Procedure, the Court has conditionally certified a Class described as follows: All participants in and beneficiaries of both Plans from January 6, 1999 through October 2, 2006, excluding Dennis Melkonian, Douglas Melkonian, Mark Melkonian, Susan Melkonian, also known as Marla Sloane, Victoria Melkonian, and Violet Melkonian.

        c.        That Arturo Aguilar, the Representative Plaintiff is able to adequately represent the Class;

        d.        That Daniel M. Feinberg and Vincent Cheng of Lewis, Feinberg, Renaker & Jackson, P.C., 1330 Broadway, Suite 1800, Oakland, CA 94612, (510) 839-6824 (business telephone number) and (510) 839-7839 (facsimile number) are appointed as Class Counsel; and

        e.        That Rosenthal & Company, LLC, is appointed as the Settlement Administrator.

## VII.    STATEMENT BY CLASS COUNSEL

13.    Class Counsel has thoroughly investigated the facts alleged in and the law applicable to the Lawsuit, as well as the potential defenses to it. Such investigation has included reviewing thousands of pages of documents, taking and defending depositions, and interviewing potential witnesses. On December 12, 2005, Plaintiff and Defendants participated in a Settlement Conference before the Honorable Lawrence J. O'Neill, United States Magistrate Judge, at which Plaintiff and Defendants entered into the Settlement.

14.    Class Counsel believes that the Settlement is fair, reasonable, adequate, and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay and the defenses that Defendants are asserting. Class Counsel has fully advised the Representative Plaintiff of the Settlement, and the Representative Plaintiff has approved the Settlement.

## VIII.    NON OPT-OUT CLASS AND OBJECTIONS TO SETTLEMENT

15.    The Class is a non opt-out Class. In other words, you have no right to exclude yourself from the Class, the Settlement or the Final Judgment. If the Court finally

PDF created with pdfFactory trial version www.pdffactory.com

approves the Settlement, you will be a Class Member and forever bound by the Settlement and Final Judgment.

16. You may object to the Settlement. If you desire to object to the Settlement, you may object to the Settlement by filing your objections with the Court at the following address:

Melkonian Benefit Plan Settlement
United States District Court
Eastern District of California
2500 Tulare Street
Fresno, CA 93721

You must also mail a copy of your objections to each of the following:

**Class Counsel**
Daniel M. Feinberg
Vincent Cheng
**LEWIS, FEINBERG, RENAKER & JACKSON, P.C.**
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

**Defendants' Counsel**
William C. Hahesy, Esq.
**SAGASER, JONES & HAHESY**
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, CA 93717-1632
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

17. No Class Member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be considered by the Court, unless the objection and/or written notice of intention to appear at the Final Settlement Hearing together with copies of all papers and briefs, shall have been filed with the Court by December 11, 2006, and mailed to each addressee listed above in paragraph 16 with a postmark no later than December 8, 2006. All such objections and written notice of intention to appear must be signed and must contain your address, the address of your attorney, if any, and the name of and

{6493/002/00198911.DOC}   6
NOTICE OF CLASS ACTION SETTLEMENT AND NOTICE OF FINAL SETTLEMENT HEARING

PDF created with pdfFactory trial version www.pdffactory.com

case number for the case (i.e., *Aguilar v. Melkonian Enterprises, Inc., et al.*, United States District Court, Eastern District of California, Case No. CV-F-05-00032 OWW LJO). If you submit an objection and written notice of intention to appear, you may appear personally or through an attorney, at your own expense, at the Final Settlement Hearing to present your objection directly to the Court. Your objection should clearly explain why you object to the Settlement and/or state whether you (or someone on your behalf) intend to appear at the Final Settlement Hearing. If you object to the Settlement, you will remain a member of the Class and will be bound by the terms of the Settlement and Final Judgment if the Court denies your objection and finally approves the Settlement.

18.  Any member of the Class who does not make and serve his or her written objections and written notice of intention to appear in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the Settlement and Final Judgment.

19.  The Court granted preliminary approval of the Settlement on October 2, 2006. The Court will hold a Final Settlement Hearing on the Settlement in Courtroom 3, 7th Floor, of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721 at 10:00 a.m. on January 22, 2007, at which time the Court will determine whether to finally approve the Settlement.

**IX.   SUMMARY OF THE TERMS OF THE SETTLEMENT AGREEMENT**

20.  <u>Settlement Amount</u>. The Settlement provides that Defendants will pay two hundred ninety five thousand dollars ($295,000.00) (the "Total Settlement Amount"). This money has already been deposited into an interest-bearing escrow account. The interest will be used to pay the costs of the escrow and the costs of the Settlement Administrator.

21.  <u>Deductions</u>. The following deductions (and any others as may be authorized by the Court) will be made from the Total Settlement Amount:

a.  <u>Attorneys' Fees and Costs</u>. As stated in paragraph 13 above, in prosecuting this case on behalf of the Class, Class Counsel expended substantial hours in prosecuting the Lawsuit that resulted in the Settlement. They have not been paid for any of

PDF created with pdfFactory trial version www.pdffactory.com

that work. Subject to approval by the Court, Class Counsel shall receive seventy-five thousand dollars ($75,000.00), for attorneys' fees, as well as costs and expenses incurred and advanced in connection with their work in this case. Class Members are not personally liable for the payment of any attorneys' fees, costs, and expenses.

      b.    <u>Payments to Representative Plaintiff</u>. The Court has preliminarily approved a payment of ten thousand dollars ($10,000.00) to be made from the Total Settlement Amount to Arturo Aguilar, the Representative Plaintiff. This amount will be paid from the Total Settlement Amount. It compensates Mr. Aguilar for acting as the Representative Plaintiff on behalf of the Class, and reflects his extraordinary service on behalf of the Class, including his work in filing the Complaint, participating in discovery, gathering and/or providing information, answering interrogatories and responding to other discovery, meeting on numerous occasions with Class Counsel to assist in preparing litigation strategy, participating in the Settlement Conference, and assuming the risks of costs and hardships that were not agreed to or experienced by the Class Members.

    22.    <u>Net Settlement Amount</u>. The net sum remaining after all of the above deductions (the "Net Settlement Amount") is two hundred ten thousand dollars ($210,000.00). Except for the $10,000.00 payment to the Representative Plaintiff, the Net Settlement Amount represents the entire sum to be paid by Defendants to all Class Members for all claims released in the Joint Stipulation. The Settlement allocates the $210,000.00 amount as follows: (1) $189,000.00 to the First Claim for Relief; and (2) $21,000.00 to the Second Claim for Relief. In general, these two amounts will be allocated to the Class Members' accounts in the Profit Sharing Plan in accordance with the following formula proposed by Class Counsel:

      a.    Of the $189,000.00 to the First Claim for Relief, 85% (or $160,650.00) will be allocated to the period from April 1, 1999 to March 31, 2002, and 5% (or $9,450.00) will be allocated to each of the fiscal years during the period from April 1, 2002 to March 31, 2005. Of the 85% (or $160.650.00), 49% (or $79,718.50.00) will be proportionately allocated to each Class Member based on his or her interest in the Pension Plan as of March 31, 2001, and 51% (or $81,931.50) will be proportionately allocated to each Class Member based

PDF created with pdfFactory trial version www.pdffactory.com

on his or her interest in the Profit Sharing Plan as of March 31, 2002.  If a Class Member received a distribution and thus did not have a balance as of any of these dates, the distribution amount will be used instead to determine the pro rata allocation to that Class Member.

Of the 5% (or $9,450.00) attributed to each of the fiscal years during the period from April 1, 2002 to March 31, 2005, each Class Member's account in the Profit Sharing Plan will receive an allocation proportionate to his or her interest in the Profit Sharing Plan as of the end of that fiscal year.

Should a Class Member's interest in the Pension Plan or the Profit Sharing Plan during any of the aforementioned time periods exceed 30%, the allocation to his or her account will be capped at 30%, and any residual amount resulting from the 30% cap will be distributed among the rest of the Class Members' accounts on a pro rata basis.  Defendants take no position concerning the formula.

      b.    Of the $21,000.00 to the Second Claim for Relief, each Class Member's account in the Profit Sharing Plan will receive an allocation proportionate to his or her total compensation from Melkonian Enterprises, Inc. for the time period from April 1, 2001 through March 31, 2005.

23.    <u>Release:</u>

      a.    Upon final approval by the Court of this Joint Stipulation at the Final Settlement Hearing, and except as to such rights or claims as may be created by this Joint Stipulation, the Releasors (as defined below), and each of them, will fully and finally release and forever discharge Releasees (as defined below), and each of them, of and from any and all claims, liabilities, demands, obligations, costs, expenses, restitution, restoration of benefits, disgorgement, equitable relief, penalties, attorneys' fees and costs, prejudgment interest, actions or causes of action of whatever kind or nature, whether due or owing past, present or future, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured and foreseen or unforeseen, from January 6, 1999 through the date of entry of the Preliminary Approval Hearing Order ("Claim Period") on this Joint Stipulation and asserted and/or arising out of the Action, including without limitation:  (1)  any and all claims seeking to

PDF created with pdfFactory trial version www.pdffactory.com

restore to the Pension Plan and/or the Profit Sharing Plan any and all amounts that have allegedly been lost due to breaches of fiduciary duty by the Plans' fiduciaries in investing the Plans' assets; (2) any and all relief relating in any manner to the reduction of participants' benefit accruals resulting from the merger and/or termination of the Pension Plan; (3) any and all relief set forth, attempted to be set forth or which could have been set forth in the First Claim for Relief of the Complaint; (4) any and all relief asserted, attempted to be asserted or which could have been set forth in the Second Claim for Relief of the Complaint; (5) any and all relief related to investment losses suffered by the Plan during the Claim Period; (6) any and all claims for relief related to account statements provided or not provided to Class Members during the Claim Period; (7) any and all claims relating in any manner to the alleged failure to inform Class Members of the merger of the Pension Plan or the purported termination of the Pension Plan; (8) any and all claims relating to the alleged failure to contribute monies to the Pension Plan on and after April 1, 2001 to the end of the Claim Period; (9) any and all claims relating in any manner to the settlement with Quick & Reilly; (10) any and all claims relating to breach of fiduciary duty concerning in any manner the trading relative to the Plan accounts; (11) any and all claims relating to the diversification of the investment holdings for the Plans; (12) any and all claims relating to the investment of the assets of either Plan; (13) any and all rights to any contributions to be made to the Pension Plan after March 31, 2001; (14) any and all rights to notification of the merger of the Pension Plan into the Profit Sharing Plan; (15) any and all rights relating to the termination of the Pension Plan; and (16) any and all rights relating to any cutbacks of benefits under, by or through the Pension Plan.

    b. "Releasors" includes the Representative Plaintiff, the Class and each and every Class Member. "Releasees" are defined as Melkonian Enterprises, Inc. and Mark Melkonian, and each of them, and each of their respective existing and former employees, officers, directors, agents, servants, parent companies, subsidiaries, affiliates, stockholders, representatives, co-fiduciaries, fiduciaries, attorneys, and all their heirs, executors, successors, assignees or transferees of the foregoing.

PDF created with pdfFactory trial version www.pdffactory.com

      c.    Releasors, and each of them, further waive all rights and benefits afforded by section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

In order to achieve a full and complete release, Releasors specifically acknowledge that this Joint Stipulation is intended to include, in its effect, not only all Claims that are known to Releasors, but also all Claims that the Releasors do not know or suspect to exist in their favor at the time of the execution of this Joint Stipulation that relate in any way to the Claims released in the Lawsuit.

24.    <u>Further Conditions of the Settlement</u>.

      a.    The Settlement is conditioned upon the Court entering an order at the Final Settlement Hearing approving the Settlement, and adjudging, among other things, that the terms thereof are fair, reasonable, and adequate and directing consummation of the terms and provisions;

      b.    Approving the Joint Stipulation, adjudging, among other things, the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

      c.    Approving the distribution plan that sets forth the formula for distributing the Net Settlement Amount among the Class Members;

      d.    Approving Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of costs;

      e.    Approving the Class Representative payment;

      f.    Making adjudication that the Pension Plan was terminated effective July 1, 2001, that all of its assets were merged in the Profit Sharing Plan and that no Class Member shall be or is entitled to any contribution to, under, by and/or through the Pension Plan after March 31, 2001;

PDF created with pdfFactory trial version www.pdffactory.com

g. Entering a final judgment that dismisses the Lawsuit with prejudice, which permanently bars all Claims released in paragraph 23 of this Notice and which retains jurisdiction to enforce the provisions of the Settlement and Final Judgment. The Final Judgment shall include the entry of an injunction permanently enjoining, barring and forever precluding any and all Releasors from initiating, pursuing or prosecuting (or allowing to be initiated, pursued or prosecuted in their own right or on their own behalf) any of the Claims released in paragraph 23 of this Notice or adjudicated in the Final Judgment. The permanent bar and injunction shall include any claims that may, could be or are asserted against Releasees, or any of them, for any of the Claims released in the Lawsuit; and

h. Included in the final judgment the releases set forth in paragraph 23 of this Notice.

**X.        FINAL SETTLEMENT HEARING**

25. **You are not required to attend the Final Settlement Hearing or file a response to this Notice (either in support of or objecting to the proposed Settlement), although you may do either or both.**

26. The Final Settlement Hearing on Settlement and any objections thereto, will be held on January 22, 2007, at 10:00 a.m. in Courtroom 3, 7th Floor, of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California. The date and time of the Final Settlement Hearing may be continued without further notice, so please contact Class Counsel before the date of the hearing if you plan to attend.

27. You may object, personally or through an attorney, to the Settlement by timely filing and mailing your objection(s) and following the procedures outlined in paragraphs 16 and 17.

28. Any Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived such objections and shall be forever foreclosed from making any objections (by appeal or otherwise) to the Settlement.

///

///

PDF created with pdfFactory trial version www.pdffactory.com

## XI. CHANGE OF ADDRESS

29. If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your future correspondence concerning the Lawsuit and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator at the address set forth in paragraph 31 below and to Class Counsel at the address set forth in paragraph 30 below.

## XII. ADDITIONAL INFORMATION

30. This Notice provides only a summary of the Lawsuit and the Settlement, and does not purport to be comprehensive. For a more detailed statement of the matters involved in the Lawsuit and the Settlement, you may refer to the pleadings, the Joint Stipulation and other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721, during regular business hours of each court day. You may also make an appointment with Class Counsel to inspect any of these documents at the offices of Class Counsel.

**ALL INQUIRIES BY CLASS MEMBERS REGARDING THIS NOTICE, THE SETTLEMENT, THE FINAL SETTLEMENT HEARING AND/OR THE LAWSUIT SHOULD BE DIRECTED TO CLASS COUNSEL, DANIEL M. FEINBERG AND VINCENT CHENG OF LEWIS, FEINBERG, RENAKER & JACKSON, P.C., 1330 BROADWAY, SUITE 1800, OAKLAND, CALIFORNIA 94612, (510) 839-6824 (BUSINESS TELEPHONE NUMBER) AND (510) 839-7839 (FACSIMILE NUMBER).**

## XIII. SETTLEMENT ADMINISTRATOR

31. The Settlement Administrator is Rosenthal & Company, LLC. Its mailing address is P.O. Box 6177, Novato, CA 94948-6177. Its telephone number is 1-800-207-0343.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANTS OR DEFENDANTS' COUNSEL WITH INQUIRIES.**

PDF created with pdfFactory trial version www.pdffactory.com

1 | Dated: 10/25/2006     **BY ORDER OF THE COURT**

/s/ Oliver W. Wanger
Honorable Oliver W. Wanger
U.S. District Judge
United States District Court
Eastern District of California

PDF created with pdfFactory trial version www.pdffactory.com