FILED

JAN 2 4 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO AGUILAR, individually and on behalf of all others similarly situated, | Case No. 1: 05-CV-00032-OWW-LJO |
| Plaintiff, | **CLASS ACTION** |
| vs. | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| MELKONIAN ENTERPRISES, INC., and MARK MELKONIAN, | Judge:  Hon. Oliver W. Wanger |
| Defendants. | Date:   January 22, 2007 |
| | Time:   10:00 a.m. |
| | Dept:   Courtroom 3 |
| | Action Filed: January 6, 2005 |
| | Trial Date: None Set |

The Final Settlement Hearing came on regularly for hearing in Courtroom 3 of the above-referenced Court, the Honorable Oliver W. Wanger, presiding; Daniel Feinberg of Lewis, Feinberg, Renaker & Jackson appeared as Counsel for the Representative Plaintiff and the Class; William C. Hahesy of the law firm of Sagaser, Jones & Hahesy appeared on behalf of Defendants Melkonian Enterprises, Inc. and Mark Melkonian ("Defendants"); the Court having reviewed the moving papers and all pleadings, records and other documentation on file in this case and good

///

///

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
[CASE NO. 1: 05-CV-00032-OWW-LJO ]

1  cause appearing therefore:

2  IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

3      1.     This Order incorporates by reference the definitions in the Joint Stipulation of

4  Settlement ("Joint Stipulation"), and all terms defined therein shall have the same meaning in this

5  Order. The Joint Stipulation is on file with the Court and is attached hereto as Exhibit "A" and

6  incorporated herein.

7      2.     The Joint Stipulation shall be and hereby is fully and finally approved.

8      3.     The Court hereby finally and unconditionally certifies the Class pursuant to Rule

9  23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. In the event this Final Judgment is

10  overturned, reversed or not affirmed in its entirety or never becomes final, the Effective Date of

11  the Joint Stipulation does not occur or the Joint Stipulation is nullified or invalidated for any

12  reason, the Court acknowledges that the fact that the Parties were willing to stipulate to class

13  certification only as part of the Joint Stipulation shall have no bearing on, nor be admissible in

14  connection with, any issue in this Action or in any other action.

15      4.     The Court finds that all required notice, including the Notice of the Final

16  Settlement Hearing, was given properly to Class Members and in accordance with the Joint

17  Stipulation and orders and that the Notice, given by first class mail, was the best notice under the

18  circumstances and satisfies all requirements of due process and federal law.

19      5.     The Court finds that the Joint Stipulation and the terms and conditions set forth in

20  the Joint Stipulation are fair, reasonable and adequate to the Class and each Class Member and

21  that the Joint Stipulation and its terms and conditions fully satisfy all requirements of applicable

22  law.

23      6.     The Court hereby permanently enjoins, bars and forever precludes any and all

24  Releasors, including the Class, the Representative Plaintiff and all Class Members, from

25  initiating, pursuing, prosecuting in any forum (or allowing to be initiated, pursued or prosecuted

26  in their own right or on their own behalf) any of the Claims released in Section 13 of the Joint

27  Stipulation and as set forth below in paragraph 12.

28      7.     The Court finally approves the amount of attorneys' fees and costs requested by

1   Class Counsel in the amount of Seventy Five Thousand Dollars ($75,000.00) as reasonable

2   attorneys' fees and costs incurred by Class Counsel.  Once the Effective Date occurs, Class

3   Counsel may cause said amount to be distributed to it from the Total Settlement Amount.

4         8.       The Court hereby finally finds and orders that the sum of Ten Thousand Dollars

5   ($10,000.00) to be paid to Arturo Aguilar, the Representative Plaintiff, as set forth in Section 11

6   of the Joint Stipulation is fair, reasonable and appropriate given his services rendered in this case.

7   Once the Effective Date occurs, Class Counsel may cause said amount to be paid to Arturo

8   Aguilar from the Total Settlement Amount.

9         9.       Once the Effective Date occurs, the Court authorizes the escrow holder holding

10  the Total Settlement Amount to apply the interest earned on said amount to the costs of escrow.

11  The balance of the interest shall be released to Defendants to pay the costs of settlement

12  administrator.

13        10.      The Court finds that the individuals identified in Exhibit "B" attached hereto are

14  the Class Members.  The Court approves the Distribution Plan attached hereto as Exhibit "B".

15        11.      Once the settlement's Effective Date occurs, the Net Settlement Amount shall be

16  transferred to the Profit Sharing Plan to be allocated pursuant to the Distribution Plan approved

17  by the Court.  If Class Members entitled to a distribution no longer have an account in the Profit

18  Sharing Plan, then the Profit Sharing Plan will make an additional roll-over distribution or

19  lump-sum payment to such Class Members.

20        12.      The Court further orders, adjudges and decrees that the Releasors, including the

21  Representative Plaintiff and the Class, and each of them, fully and finally release and forever

22  discharge Releasees, and each of them, of and from any and all claims, liabilities, demands,

23  obligations, costs, expenses, restitution, restoration of benefits, disgorgement, equitable relief,

24  penalties, attorneys' fees and costs, prejudgment interest, actions or causes of action of whatever

25  kind or nature, whether due or owing past, present or future, whether known or unknown,

26  suspected or unsuspected, fixed or contingent, matured or unmatured and foreseen or unforeseen,

27  from January 6, 1999 through October 17, 2006, asserted and/or arising out of the Action,

28  including without limitation:  (1)  any and all claims seeking to restore to the Pension Plan and/or

1  the Profit Sharing Plan any and all amounts that have allegedly been lost due to breaches of
2  fiduciary duty by the Plans' fiduciaries in investing the Plans' assets; (2) any and all relief relating
3  in any manner to the reduction of participants' benefit accruals resulting from the merger and/or
4  termination of the Pension Plan; (3) any and all relief set forth, attempted to be set forth or which
5  could have been set forth in the First Claim for Relief of the Complaint; (4) any and all relief
6  asserted, attempted to be asserted or which could have been set forth in the Second Claim for
7  Relief of the Complaint; (5) any and all relief related to investment losses suffered by the Plan
8  during the Claim Period; (6) any and all claims for relief related to account statements provided
9  or not provided to Class Members during the Claim Period; (7) any and all claims relating in any
10 manner to the alleged failure to inform Class Members of the merger of the Pension Plan or the
11 purported termination of the Pension Plan; (8) any and all claims relating to the alleged failure to
12 contribute monies to the Pension Plan on and after April 1, 2001 to the end of the Claim Period;
13 (9) any and all claims relating in any manner to the settlement with Quick & Reilly; (10) any
14 and all claims relating to breach of fiduciary duty concerning in any manner the trading relative to
15 the Plan accounts; (11) any and all claims relating to the diversification of the investment
16 holdings for the Plans; (12) any and all claims relating to the investment of the assets of either
17 Plan; (13) any and all rights to any contributions to be made to the Pension Plan after March 31,
18 2001; (14) any and all rights to notification of the merger of the Pension Plan into the Profit
19 Sharing Plan; (15) any and all rights relating to the termination of the Pension Plan; and (16) any
20 and all rights relating to any cutbacks of benefits under, by or through the Pension Plan.

21        b.      Releasors, and each of them, further waive all rights and benefits afforded
22 by section 1542 of the Civil Code of the State of California, and do so understanding the
23 significance of that waiver. Section 1542 provides:

24        A general release does not extend to claims which the creditor does not know or
           suspect to exist in his or her favor at the time of executing the release, which if
25        known by him or her must have materially affected his or her settlement with the
           debtor.
26

27        In order to achieve a full and complete release, Releasors specifically acknowledge that
28 this Joint Stipulation is intended to include, in its effect, not only all Claims that are known to

1  Releasors, but also all Claims that the Releasors do not know or suspect to exist in their favor at
2  the time of the execution of this Joint Stipulation that relate in any way to the Claims released in
3  this Action.

4      It is further ordered, adjudged and decreed that the Representative Plaintiff, the Class
5  Members and the Releasors, and each of them, waive all rights and benefits afforded by Section
6  1542 of the Civil Code of the State of California. The waiver and release is intended to include
7  and does include in its effect, not only all Claims that are known to the Representative Plaintiff,
8  the Class Members and the Releasors, and each of them, but also any and all Claims that the
9  Representative Plaintiff, the Class Members and Releasors, and each of them, do not know or
10  suspect to exist in their favor at the time of the Final Settlement Hearing that are asserted and/or
11  arise out of the Action.

12      13.    It is hereby adjudged, ordered and decreed that the Pension Plan has been and is
13  terminated effective July 1, 2001, and that all of its assets were merged into the Profit Sharing
14  Plan. It is further ordered, adjudged and decreed that no Class Member shall be or is entitled to
15  any contribution to, under, by and/or through the Pension Plan after March 31, 2001.

16      14.    The Action is hereby dismissed with prejudice. The Court hereby retains
17  jurisdiction of all matters relating to the interpretation, administration, implementation,
18  effectuation and enforcement of the Joint Stipulation and this Final Judgment, including, without
19  limitation, the provisions of paragraphs 8, 12 and 14 of this Final Judgment.

20      15.    There is no reason to delay the enforcement of this Final Judgment and Order.

21      16.    The Court hereby orders that the Settlement Administrator shall mail Notice of
22  Entry of this Judgment by first-class mail to all Class Members. The Settlement Administrator
23  may reduce the font size of this Judgment and use double-sided printing in order to reduce the
24  ///
25  ///
26  ///
27  ///
28  ///

1    Judgment to two pages, if possible.

2

3        **IT IS SO ORDERED.**

4        **JUDGMENT SHALL BE AND HEREBY IS ENTERED.**

5

6    Dated: _____1- 22-_____, 2007

7                                  HONORABLE OLIVER W. WANGER
                                   JUDGE OF THE U.S. DISTRICT COURT
8                                  EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
2  Oakland, California 94612
   Telephone: (510) 839-6824
3  Facsimile: (510) 839-7839

4  Daniel M. Feinberg #135983
5  Vincent Cheng #230827

6  Attorneys for:  Plaintiff Arturo Aguilar, individually and in his representative capacity

7  SAGASER, JONES & HAHESY
   2445 Capitol Street, 2nd Floor
8  Post Office Box 1632
   Fresno, California 93717-1632
9  Telephone: (559) 233-4800
   Facsimile: (559) 233-9330
10
   William C. Hahesy #105743
11 Rose M. Huelskamp #229173

12 Attorneys for:  Defendants Melkonian Enterprises, Inc., and Mark Melkonian

13
                   UNITED STATES DISTRICT COURT
14
                   EASTERN DISTRICT OF CALIFORNIA
15

16 ARTURO AGUILAR, individually and on        Case No. CV-F-05-00032 OWW LJO
   behalf of all other similarly situated,
17                                            JOINT STIPULATION OF SETTLEMENT
             Plaintiffs,
18                                            Preliminary Approval
        v.                                    Hearing Date:
19                                            Time:
   MELKONIAN ENTERPRISES, INC., and           Dept:
20 MARK MELKONIAN                             Judge:  Honorable Oliver W. Wanger

21           Defendants.                      Action Filed:

22

23                   JOINT STIPULATION OF SETTLEMENT

24          This Joint Stipulation of Settlement ("Joint Stipulation") is made and entered into

25 by and between Defendants MELKONIAN ENTERPRISES, INC. ("MEI") AND MARK

26 MELKONIAN ("MELKONIAN"), on the one hand, and Plaintiff ARTURO AGUILAR

27 ("Representative Plaintiff"), on the other hand, on behalf of himself and on behalf of a class of

28 all others similarly situated as hereinafter more particularly defined (the "Class"), certified for

   {6493/002/00192167.DOC}                   1

1  settlement purposes only as provided for in this Joint Stipulation and certified pursuant to Rule
2  23(b)(1) and/or (b)(2) of the Federal Rules of Civil Procedure, in the action pending in the
3  United States District Court, Eastern District of California, Fresno Division (the "Court")
4  Action No. CV-F-05-00032 OWW LJO (the "Action"), subject to the terms and conditions
5  hereof and the approval of the Court.

6  ## SECTION 1: DEFINITIONS

7          1.     Definitions:   For the purposes of this Joint Stipulation, the following
8  terms shall carry the following accompanying definitions:

9          a.     "Action":  Arturo Aguilar, et al. v. Melkonian Enterprises, Inc., et
10  al., United States District Court, Eastern District of California, Fresno Division (the "Court")
11  Action No. CV-F-05-00032 OWW LJO.

12          b.     "Defendants' Counsel'":  William C. Hahesy of Sagaser, Jones &
13  Hahesy.

14          c.     "Claim Period":  January 6, 1999, through the date of entry of the
15  Preliminary Approval Hearing Order in this Action.

16          d.     "Claims" shall be defined as including all matters released in
17  Section 13 of this Joint Stipulation.

18          e.     "Claim Share for Second Claim for Relief in Complaint":  The
19  amount of money allocated to each Class Member pursuant to Section 10.c. of this Joint
20  Stipulation.

21          f.     "Claim Share for First Claim for Relief in Complaint":   The
22  amount of money allocated to each Class Member pursuant to Section 10.d. of this Joint
23  Stipulation.

24          g.     "Class":  All participants in and beneficiaries of both Plans from
25  January 6, 1999 through the date of the Preliminary Approval Hearing Order in this Action,
26  excluding Dennis Melkonian, Douglas Melkonian, Mark Melkonian, Susan Melkonian, also
27  known as Marla Sloane, Victoria Melkonian and Violet Melkonian.

28  ///

1      h.    "Class Counsel": Daniel Feinberg and Vincent Cheng of Lewis,

2  Feinberg, Renaker & Jackson, P.C.

3      i.    "Class Member(s)": The individual members of the Class. Class

4  Member shall include, where appropriate, the legal representative of the Class Member or

5  his/her estate. Class Members do not include Dennis Melkonian, Douglas Melkonian, Mark

6  Melkonian, Susan Melkonian, also known as Marla Sloane, Victoria Melkonian and Violet

7  Melkonian.

8      j.    "Complaint": The Complaint filed in this Action.

9      k.    "Court": The United States District Court, Eastern District of

10  California, Fresno Division.

11      l.    "Covered Compensation": Shall be defined the same as that term

12  is defined in the governing instruments for the Pension Plan.

13      m.    "Defendants": Melkonian Enterprises, Inc. and Mark Melkonian.

14      n.    "Distribution Plan": Refers to the Distribution Plan ultimately

15  approved by the Court.

16      o.    "Effective Date": The date upon which a final, non-appealable

17  order is entered by the Court finally approving this Joint Stipulation and dismissing the Action

18  with prejudice, or, if such order is appealed by a Class Member, or anyone else, the date of the

19  final resolution of any and all appeals approving this Joint Stipulation and resulting in the

20  carrying out of the terms of this Joint Stipulation and the dismissal of the Action with prejudice.

21      p.    "Final Settlement Hearing": The final hearing at which the Court

22  approves the Joint Stipulation and other relief.

23      q.    "Net Settlement Amount": Two Hundred and Fifteen Thousand

24  and 00/100 ($215,000.00).

25      r.    "Notice": The Notice of Class Action Settlement and Notice of

26  Final Settlement Hearing provided for in Section 9 of this Joint Stipulation and/or approved by

27  the Court.

28  ///

{6493/002/00192167.DOC}        3

1    s.    "Objection Deadline": The date by which all objections to the

2  settlement set forth in the Joint Stipulation and all written notices of intent to appear as

3  described more further in Section 15 of the Joint Stipulation must be filed with the Court and

4  served on Class Counsel and Defendants' Counsel.

5    t.    "Parties": The Representative Plaintiff and Defendants.

6    u.    "Plaintiffs": The Representative Plaintiff, the Class and the Class

7  Members.

8    v.    "Plans"/"Pension Plan"/"Profit Sharing Plan": The "Plans" refers

9  to the plans generally known as the Melkonian Enterprises, Inc. Employees' Pension Plan and

10  the Melkonian Enterprises, Inc. Employees' Profit Sharing Plan. The "Pension Plan" refers to

11  the Melkonian Enterprises, Inc. Pension Plan, which is also known as the Amended Employees'

12  Pension Plan of Melkonian Enterprises, Inc., and the Restated Employees' Money Purchase

13  Plan of Melkonian Enterprises, Inc.   The "Profit Sharing Plan" refers to the Melkonian

14  Enterprises, Inc. Profit Sharing Plan.

15    w.    "Preliminary Approval Hearing Order": The order preliminarily

16  approving the Joint Stipulation as set forth further in Section 14 of this Joint Stipulation.

17    x.    "Releasees": Melkonian Enterprises, Inc. and Mark Melkonian,

18  and each of them, and each of their respective existing and former employees, officers,

19  directors,  agents,  servants,  parent  companies,  subsidiaries,  affiliates,  stockholders,

20  representatives, co-fiduciaries, fiduciaries, attorneys, and all their heirs, executors, successors,

21  assignees or transferees of the foregoing.

22    y.    "Representative Plaintiff": Arturo Aguilar.

23    z.    "Releasors": "Releasors" includes the Representative Plaintiff,

24  the Class and each and every Class Member.

25    aa.   "Total Settlement Amount": The Total Settlement Amount is

26  Two Hundred Ninety-Five Thousand Dollars ($295,000). The Total Settlement Amount is the

27  maximum total amount that the Defendants are required to pay for any and all purposes under

28  this Joint Stipulation, except for the costs of the Settlement Administration.

{6493/002/00192167.DOC}              4

1

## SECTION 2: BRIEF DESCRIPTION OF ACTION

2    2.    a.    On January 6, 2005, the Representative Plaintiff filed this Action

3 against Defendants in the United States District Court, Eastern District of California, Action No.

4 CV-F-05-0032 OWW LJO. Both Defendants have answered the Complaint.

5    b.    The Complaint alleges claims for declaratory, injunctive, and

6 equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA") and

7 the Declaratory Judgment Act, 28 USC § 2201. The Complaint alleges that the Representative

8 Plaintiff was a participant in the Plans. It alleges that Melkonian Enterprises, Inc. was the Plan

9 sponsor, the named Plan administrator and fiduciary of the Plan. It further alleges that

10 Defendant Mark Melkonian was a fiduciary of the Plans.

11    c.    The Complaint alleges that prior to April of 2001, employees of

12 Defendant Melkonian Enterprises, Inc. participated in the Plans. The Complaint alleges that the

13 Plans suffered investment losses for the fiscal year 2000 beginning April 1, 2000 and ending

14 March 31, 2001, and that the Plans continued to suffer further losses in the fiscal years ending

15 March 31, 2002 and March 31, 2003.

16    d.    The Complaint alleges that the Representative Plaintiff was not

17 informed that the Pension Plan had been merged into the Profit Sharing Plan as of April 1, 2001.

18 It further alleges that Representative Plaintiff had not been notified that the Pension Plan had

19 been terminated as of April 1, 2001. It is alleged that as a result of the failure to notify the

20 Representative Plaintiff of the termination, merger of the Plans, or purported termination of the

21 Pension Plan, the Representative Plaintiff and others have received a reduction in pension

22 benefit accruals.

23    e.    The First Claim for Relief asserted in the Complaint is for breach

24 of fiduciary duty against all Defendants. It alleges in essence that the Defendants breached their

25 fiduciary duties by not prudently investing the Plans' assets. The Complaint seeks restoration of

26 the losses.

27 ///

28 ///

(6493/002/00192167.DOC)        5

f.      The Second Claim for Relief in the Complaint alleges that Defendant Melkonian Enterprises, Inc. failed to provide proper notice under the Anti-Cutback Rules of the merger of the Plans or the purported termination of the Pension Plan.

g.      The Complaint seeks certification of a class action on behalf of all participants in and beneficiaries of the Plans, a declaration that Defendants breached certain fiduciary duties, an order requiring Defendants to restore the losses to the Plans, an injunction, attorneys' fees and prejudgment interest.  In addition, the Complaint seeks a declaration that Defendant Melkonian Enterprises, Inc. violated ERISA by purporting to eliminate the Pension Plan without providing Plaintiff and the Class with advance notice, a declaration that purported that the termination of the Pension Plan is null and void, an injunction, an order that Defendant Melkonian Enterprises, Inc. shall take all necessary steps to place the Representative Plaintiff and the Class in the positions they would have been in had Defendant not purportedly terminated the Pension Plan, attorneys' fees, prejudgment interest and other relief.

h.      Defendants deny the allegations in the Complaint.  Defendants deny that the Plans' assets were imprudently invested.  Defendants further deny that the Representative Plaintiff and the Class were not properly notified of the merger of the Plans and the termination of the Pension Plan.  Defendants have asserted and continue to assert defenses to this Action and have expressly denied and continue to deny any wrongdoing or legal liability arising out of the Action.  Neither the Joint Stipulation nor any action taken to carry out the Joint Stipulation is, may be construed as, or used as an admission, concession or indication by or against Defendants, or either of them, or anyone else of any fault, wrongdoing or liability whatsoever.

## SECTION 3: INVESTIGATION

3.      Class Counsel has conducted a significant investigation of the facts and law during the prosecution of this Action.  Such investigation has included, inter alia, the exchange of information pursuant to informal and formal discovery, depositions, numerous meetings and conferences between representatives of the Parties, and interviews of numerous potential witnesses.  Class Counsel has further investigated the applicable law as applied to the

{6493/002/00192167.DOC}                    6

1  facts discovered regarding the Claims asserted or attempted to be asserted in the Action, and the
2  potential defenses thereto.  In addition, on December 12, 2005, the Parties engaged in a
3  Settlement Conference before the Honorable Lawrence J. O'Neill, United States Magistrate
4  Judge.

5                              **SECTION 4:  CLASS COUNSEL'S OPINIONS**

6         4.     Class Counsel is of the opinion that the Joint Stipulation is fair,
7  reasonable, adequate, and is in the best interest of the Class in light of all known facts and
8  circumstances, including the risk of significant delay and the numerous defenses and potential
9  appellate issues Defendants are asserting.  Class Counsel has fully advised the Representative
10 Plaintiff of this Joint Stipulation and represents that he has fully and knowingly approved of and
11 consents to this Joint Stipulation.

12                              **SECTION 5:  INTENT TO COMPROMISE**

13        5.     The Parties desire fully, finally, and forever to settle, compromise, and
14 discharge all Claims asserted in, attempted to be asserted, arising from or related in any way to
15 the Action, as more particularly set forth in Section 13 of this Joint Stipulation.

16                              **SECTION 6:  COOPERATION**

17        6.     The Parties agree to cooperate and to take all steps reasonable, necessary
18 and/or appropriate to effectuate this Joint Stipulation and dismiss with prejudice the Action and
19 all Claims contained therein, so as to avoid the necessity of further expense and litigation in
20 Action.

21                              **TERMS AND CONDITIONS OF SETTLEMENT**

22        NOW, THEREFORE, in consideration of the mutual covenants, promises and
23 warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

24 ///
25 ///
26 ///
27 ///
28 ///

{6493/002/00192167.DOC}                        7

1

## SECTION 7:  SETTLEMENT PROCEEDS PAYABLE BY DEFENDANTS

2       7.    a.    It is agreed by and among the Representative Plaintiff, Plaintiffs

3   and Defendants that the Action and any Claims asserted, attempted to be asserted, arising out of

4   or relating in any manner to the Claims or Action be settled and compromised as between the

5   Parties, the Releasees and Releasors subject to the terms and conditions set forth in this Joint

6   Stipulation and the approval of the Court.

7              b.    In consideration of the matters provided for herein, not later than

8   ten (10) days before the Preliminary Approval Hearing, Defendant Melkonian Enterprises, Inc.

9   shall deposit the Total Settlement Amount of Two Hundred Ninety Five Thousand Dollars

10  ($295,000) in an interest-bearing account designated by the Representative Plaintiff and Class

11  Counsel, to be held in escrow pending execution of and subject to the terms of the Joint

12  Stipulation, preliminary and final approval of the Joint Stipulation by the Court and further

13  order of this Court.  In the event that such payment is not made by the specified date, interest

14  shall accrue on the Total Settlement Amount at the annual rate of 10%.  On a date that is 31

15  days following the date the Court enters a final judgment and order approving the Joint

16  Stipulation and provided that no appeal is filed, the Net Settlement Amount will be transferred

17  to the Profit Sharing Plan, to be allocated to the Class as set forth in the Distribution Plan

18  approved by the Court.  If Class Members entitled to payment no longer have an account in the

19  Profit Sharing Plan, then the Profit Sharing Plan shall make an additional roll-over distribution

20  or lump-sum payment to such Class Members.  In the event an appeal is filed, the Total

21  Settlement Amount shall remain in the escrow account until further order of the Court.

22              ## SECTION 8:  THE SETTLEMENT ADMINISTRATOR

23       8.    a.    Class Counsel and Defendants' Counsel have selected Rosenthal

24  & Company, LLC to administer the Joint Stipulation and all orders of the Court (the "Settlement

25  Administrator").  Defendants shall pay the costs of Settlement administration, including the fees

26  of the Settlement Administrator.  Any interest that is earned on the funds deposited pursuant to

27  Section 7.b. above will be used first to pay any costs of escrow and the remaining interest may

28  be used by Defendants to pay the costs of settlement administration, including the notice costs.

{6493/002/00192167.DOC}                          8

1   The duties of the Settlement Administrator shall include, without limitation:  the printing and
2   mailing of court-approved Notices to Class Members in English and Spanish; taking all steps as
3   are reasonably necessary to ensure Class Members timely receive a Notice; communicating with
4   Class Members; taking all steps deemed reasonably necessary by the Settlement Administrator
5   in order to ensure that the highest percentage of Class Members receive notice of this Joint
6   Stipulation; the utilization of agreed methods to ensure the most up-to-date and accurate
7   addresses for Class members; conducting agreed address searches on all returned, undelivered
8   mail in a timely fashion, and re-mailing Notices to Class Members for whom addresses are
9   found; the providing of toll-free, live operator telephone support to receive telephone calls from
10  Class Members or others; the maintenance of appropriate databases to fulfill its duties; the
11  receipt and control of all returned Notices, disputes, objections and other requests; the
12  preparation of all necessary reports; all other duties referenced in this Joint Stipulation that are
13  to be performed by the Settlement Administrator and any and all other duties as agreed to with
14  Class Counsel consistent with the terms, purposes and goals of this Joint Stipulation.

15          b.      In the event it becomes necessary to replace the Settlement
16  Administrator, Class Counsel and Defendants' Counsel shall confer and select, if able, a
17  replacement Settlement Administrator, subject to approval by the Court.  If Counsel is unable to
18  select a replacement Settlement Administrator, they shall notify the Court and file appropriate
19  motions seeking an order by the Court appointing a replacement Settlement Administrator.

20                      **SECTION 9: NOTICES TO CLASS MEMBERS**

21          9.   a.    Within twenty (20) calendar days following the date of entry of
22  the Court's order at the Preliminary Approval Hearing, Defendants' Counsel shall provide the
23  Settlement Administrator and Class Counsel with the following information, if available, for
24  each Class Member: name, last-known address and social security number.

25          b.    A Notice in the form attached hereto as Exhibit A or as otherwise
26  approved by the Court, shall be sent by the Settlement Administrator to each Class Member by
27  first class mail by a date certain set by the Court.  The Settlement Administrator will use
28  reasonable best efforts to locate and send the Notice to the most recent address of each Class

{6493/002/00192167.DOC}                           9

1  Member. For Class Members who are employed by Defendant Melkonian Enterprises, Inc., at
2  the date of the Preliminary Approval Hearing, the Settlement Administrator shall use, at
3  minimum, Defendants' personnel information concerning a Class Member's address. For Class
4  Members who are not employed by Defendant Melkonian Enterprises, Inc., at the date of the
5  Preliminary Approval Hearing, the Settlement Administrator shall use, in addition to
6  Defendants' information, information obtained about the Class Member's most recent address
7  through public and private databases reasonably available to the Settlement Administrator.

8              c.      The Settlement Administrator shall be responsible for taking
9  reasonable steps, consistent with his/her/its agreed job parameters and any court orders, to trace
10  the address of any Class Member for whom a Notice is returned by the post office as
11  undeliverable. These reasonable steps shall include, at a minimum: tracking of all undelivered
12  mail; performing additional address searches using additional address databases or equivalent
13  means for all mail returned without a forwarding address; and promptly re-mailing to Class
14  Members for whom new addresses are found. Any returned envelopes with forwarding
15  addresses will be utilized by the Settlement Administrator to trace Class Members. The
16  Settlement Administrator shall have the responsibility to trace the address of only those Class
17  Members for whom a Notice is returned as undeliverable on or before a date to be set by the
18  Court at the Preliminary Approval Hearing. As to the Notices returned as undeliverable within
19  this time period, the Settlement Administrator shall take reasonable steps to complete his/her/its
20  tracing in time to permit a second mailing to be sent to the traced addresses no later than a date
21  to be set by the Court at the Preliminary Approval Hearing.

22             d.      The Settlement Administrator shall keep Class Counsel and
23  Defendants' Counsel advised periodically of the number of undeliverable notices.

24             e.      It will be conclusively presumed that if an envelope has not been
25  returned within thirty (30) calendar days of the date of mailing, that the Class Member received
26  the Notice.

27  ///
28  ///

{6493/002/00192167.DOC}                    10

1         f.     No less than thirty (30) calendar days prior to the Final Settlement

2  Hearing, the Settlement Administrator shall provide to the Court, Class Counsel, and

3  Defendants' Counsel a declaration of due diligence and proof of mailing with regard to (i) the

4  mailing of the Notices and (ii) attempts to locate Class Members through the date of the

5  Settlement Administrator's declaration.

6            **SECTION 10: CALCULATION OF CLAIM SHARES**

7       10.   a.    Except for the class representative payment referenced in Section

8  11 below, the Net Settlement Amount represents the entire sum to be paid by Defendants to all

9  Class Members for all Claims released in the Joint Stipulation. The Parties have agreed to

10  allocate that amount as follows: (i) $189,000 to the First Claim for Relief; and (ii) $21,000 to

11  the Second Claim for Relief.

12         b.    The Plaintiff has proposed the formulas set forth below for

13  purposes of allocating the amounts for the various Class Members. Defendants take no position

14  concerning the formulas.

15         c.    Relative to the Second Claim, the Plaintiff proposes that $21,000

16  will be allocated to this claim as follows:

17           1.    The total Covered Compensation for all Class Members

18  for the period 4/01/01 to 3/31/05 will be aggregated. (Figure One.)

19           2.    The total Covered Compensation for each Class Member

20  for that same period will then be determined. (Figure Two.)

21           3.    Figure Two will then be divided into Figure One for each

22  Class Member to arrive at a ratio as to each Class Member's interest in the total Covered

23  Compensation. (Figure Three.)

24           4.    Figure Three will then be used to compute each Class

25  Member's interest in the $21,000 amount. (Figure Four.) This amount shall be known as the

26  Claim Share for Second Claim for Relief in Complaint.

27  ///

28  ///

1    The following hypothetical demonstrates the formula. Assume the total Covered

2    Compensation for all Class Members is $1 million. (Figure One.) Assume that a Class

3    Member's total Covered Compensation during the relevant period is $80,000. (Figure Two.)

4    His interest in Figure 1 is 8%. (Figure Three.) His interest in the $21,000 amount is thus

5    $1,680. ($21,000 x .08). (Figure Four.)

6        d.    Relative to the First Claim, the Plaintiff proposes that the sum of

7    $189,000 will be allocated as follows:

8        1.    85% (or $160,650) will be allocated to the period April 1,

9    1999 to March 31, 2002. (Period 1.)

10        2.    5% (or $9,450) will be allocated to each of the following

11    separate periods (Periods 2 through 5):

12            i.    April 1, 2002 to March 31, 2003 (Period 2);

13            ii.   April 1, 2003 to March 31, 2004 (Period 3); and

14            iii.  April 1, 2004 to March 31, 2005 (Period 4).

15        3.    For Period 1, the above apportioned settlement monies will

16    be allocated between the Pension Plan and the Profit-Sharing Plan. The allocation will be as

17    follows: forty-nine percent (49%), or $78,718.5, to the Pension Plan; and fifty-one percent

18    (51%), or $81,931.5, to the Profit-Sharing Plan.

19        4.    For Periods 2 through 4, the Plaintiff will allocate the

20    above apportioned settlement monies solely to the Profit Sharing Plan. No allocation will occur

21    between the Plans due to the termination of the Pension Plan in 2001.

22        5.    For Period 1, each Class Member's interest in the above

23    apportioned settlement allocations for the Pension Plan and the Profit Sharing Plan will be

24    determined under the following Steps:

25            i.    Using the formula proposed by the Plaintiff, the

26    Plans' third-party administrator ("TPA") will determine and compile the aggregate total

27    account balances for all Class Members in the Pension Plan as of 3/31/01 (Figure A) and in the

28    Profit Sharing Plan as of 3/31/02 (Figure B). For Class Members who received distributions

{6493/002/00192167.DOC}                    12

1   from the Pension Plan during the period January 6, 1999 to March 31, 2001 and do not have a

2   balance in the Pension Plan as of March 31, 2001, the TPA will use the amount of the

3   distribution for the Class Members. For Class Members who received distributions from the

4   Profit Sharing Plan during the period from January 6, 1999 to March 31, 2002 and do not have a

5   balance in the Profit Sharing Plan as of March 31, 2002, the TPA will use the amount of the

6   distribution for the Class Members.

7               ii.      Using the formula purposed by the Plaintiff, the

8   TPA will separately determine each Class Member's interest in the total account balances for

9   Class Members in the Pension Plan (Figure C) and the Profit Sharing Plan (Figure D)

10  determined under Step i.

11              iii.     To determine each Class Members' account

12  balance ratio in the Pension Plan, Figure C will be divided into Figure A. (For example, if the

13  total account balance for the Class Members in the Pension Plan is $1 million and a Class

14  Member's interest therein is $50,000, his or her account balance ratio will be 5%.)

15              iv.      The Class Member with the highest account

16  balance ratio in the Pension Plan determined under Step iii (Class Member A) will be entitled to

17  an allocation equal to the lesser of (a) that account balance ratio times $78,718.5, the

18  apportioned settlement allocation for the Pension Plan for Period 1, or (b) $23,615.55, or thirty

19  percent (30%) of $78,718.5.

20              v.       Each Class Member (not including Class Member

21  A) will be entitled to an allocation proportional to his or her respective account balance ratio in

22  the Pension Plan as determined under Step iii above, in addition to an allocation specified in

23  Step vi below. (For example, if the account balance ratio of a Class Member other than Class

24  Member A as determined under Step iii is 2%, then his or her account is entitled to an allocation

25  equal to 2% times $78,718.5, in addition to an allocation specified in Step vi below.)

26              vi.      If amount (a) is greater than amount (b) as

27  specified in Step iv, the difference between the two amounts (hereinafter referred to as

28  "Residual Amount A") will be distributed to each Class Member (not including Class Member

{6493/002/00192167.DOC}                    13

A) in accordance with the following procedures:

         A.  Using the formula proposed by the Plaintiff, the TPA will determine the account balance ratio of each Class Member (not including Class Member A) in Residual Amount A where the aggregate total account balance used does not include Class Member A's account balance as of 03/31/2001 and the Class Members' account balances are those as of the same date.

         B.  Each Class Member (not including Class Member A) will be entitled to an allocation from Residual Amount A that is proportional to his or her account balance ratio determined under Step vi.A. (For example, if the account balance ratio of the Class Member determined under Step vi.A is 10% and Residual Amount A is $10,000, then the Class Member is entitled to an allocation equal to 10% times $10,000.)

         vii.  To determine each Class Member's account balance ratio in the Profit Sharing Plan, Figure D will be divided into Figure B. (For example, if the total account balance for the Class Members in the Profit Sharing Plan is $1 million and a Class Member's interest therein is $50,000, his or her account balance ratio will be 5%.)

         viii.  The Class Member with the highest account balance ratio in the Profit Sharing Plan determined under Step vii (Class Member B) will be entitled to an allocation equal to the lesser of (a) that account balance ratio times $81,931.5, the apportioned settlement allocation for the Profit Sharing Plan, or (b) $24,579.45, or thirty percent (30%) of $81,931.5.

         ix.  Each Class Member (not including Class Member B) will be entitled to an allocation proportional to his or her respective account balance ratio in the Profit Sharing Plan as determined under Step vii above, in addition to an allocation specified in Step x below. (For example, if the account balance ratio of a Class Member other than Class Member B as determined under Step vii is 2%, then his or her account is entitled to an allocation equal to 2% times $81,931.5, in addition to an allocation specified in Step x below.)

///

///

{6493/002/00192167.DOC}      14

x.      If amount (a) is greater than amount (b) as specified in Step viii, the difference between the two amounts (hereinafter referred to as "Residual Amount B") will be distributed to each Class Member (not including Class Member B) in accordance with the following Procedures:

A.      Using the formula proposed by the Plaintiff, the TPA will determine the account balance ratio of each Class Member (not including Class Member B) in Residual Amount B where the aggregate total account balance used does not include Class Member B's account balance as of 03/31/2002 and the Class Members' account balances are those as of the same date.

B.      Each Class Member (not including Class Member B) will be entitled to an allocation from Residual Amount B that is proportional to his or her account balance ratio determined under Step x.A. (For example, if the account balance ratio of the Class Member determined under Step x.A is 10% and Residual Amount B is $10,000, then the Class Member is entitled to an allocation equal to 10% times $10,000.)

6.      For settlement amounts allocated for Periods 2 through 4, computations will be performed under the following Steps:

i.      Using the formula proposed by the Plaintiff, the TPA will determine and compute the aggregate total account balance for all Class Members in the Profit Sharing Plan as of the end of each fiscal period (i.e., 3/31) (Figure a) and each Class Member's account balance in the Profit Sharing Plan as of the same date (Figure b).

ii.      Using the formula proposed by the Plaintiff, the TPA will then determine each Class Member's account balance ratio in that total account balance by dividing Figure b into Figure a (i.e., if the total account balance for the Class Members in the Profit Sharing Plan is $1 million and a Class Member's interest therein is $50,000, his or her account balance ratio will be 5%.).

iii.      The Class Member with the highest account balance ratio determined under Step ii (Class Member C) will be entitled to an allocation equal to the lesser of (a) that account balance ratio times the apportioned settlement allocation for the

{6493/002/00192167.DOC}                    15

1  fiscal period, or (b) thirty percent (30%) of that same settlement allocation.

2              iv.    Each Class Member (not including Class Member

3  C) will be entitled to an allocation proportional to his or her respective account balance ratio as

4  determined under Step ii above, in addition to an allocation specified in Step v below.

5              v.    If amount (a), as specified in Step iii, is greater

6  than amount (b), as specified in Step iii, the difference between the two amounts (hereinafter

7  referred to "Residual Amount C") will be distributed to each Class Member (not including Class

8  Member C) in accordance with the following procedures:

9              A.    Using the formula proposed by the Plaintiff,

10  the TPA will determine the account balance ratio of each Class Member (not including Class

11  Member C) in Residual Amount C where the aggregate total account balance used does not

12  include Class Member C's account balance as of the end of the fiscal year.

13             B.    Each Class Member (not including Class

14  Member C) will be entitled to an allocation from Residual Amount C that is proportional to his

15  or her account balance ratio determined under Step v.A. (For example, if the account balance

16  ratio of the Class Member determined under Step v.A is 10% and Residual Amount C is

17  $10,000, then the Class Member is entitled to an allocation equal to 10% times $10,000.)

18            7.    The total amount computed for each Class Member for all

19  periods shall be known as the Claim Share for First Claim for Relief in Complaint.

20        e.    A proposed Distribution Plan will be submitted to the Court for

21  approval.

22        f.    In the event that a Class Member cannot be located or notified

23  pursuant to Section 9, the monies shall still be distributed pursuant to the Distribution Plan.

24        g.    No money shall be paid under this Joint Stipulation to Dennis

25  Melkonian, Douglas Melkonian, Mark Melkonian, Susan Melkonian, also known as Marla

26  Sloane, Victoria Melkonian and/or Violet Melkonian.

27  ///

28  ///

{6493/002/00192167.DOC}                    16

1    k.   Once the Settlement's Effective Date occurs, the Net Settlement
2  Amount will be transferred to the Profit Sharing Plan, to be allocated pursuant to the
3  Distribution Plan finally approved by the Court.  A Distribution Plan is being prepared to be
4  presented to the Court in connection with the preliminary and final approval of the Joint
5  Stipulation.  If Class Members entitled to a distribution no longer have an account in the Profit
6  Sharing Plan, then the Profit Sharing Plan will make an additional roll-over distribution or
7  lump-sum payment to such Class Members to the extent authorized by law.

8    i.   Once the Settlement's Effective Date occurs, the approved
9  amounts payable for attorneys' fees and costs and the payment to the Representative Plaintiff
10  shall be paid to Class Counsel and the Representative Plaintiff, respectively.  In addition, the
11  interest earned on the Total Settlement Amount, less costs of the escrow, shall be disbursed to
12  Defendants to pay the costs of settlement administration.

13              **SECTION 11: PAYMENT TO REPRESENTATIVE PLAINTIFF**

14    11.   In addition to the amounts determined to be payable to the Representative
15  Plaintiff as Claim Share payments under Section 10, and subject to Court approval, the
16  Representative Plaintiff shall receive a class representative payment of Ten Thousand Dollars
17  ($10,000).  On the date that is 31 days following the date the Court enters final judgment and
18  order approving the Joint Stipulation and provided that no appeal is filed, $10,000 will be
19  transferred from the escrow account to the Representative Plaintiff.  In exchange for this
20  enhancement fee, the Representative Plaintiff shall execute a general release with a California
21  Civil Code Section 1542 waiver of any and all claims that he might have against Releasees,
22  whether such claim is known or unknown, from the beginning of time until the Effective Date.
23  The general release shall be in the form attached hereto as Exhibit "B".  The payment to the
24  Representative Plaintiff reflects his extraordinary service on behalf of the Class, including filing
25  the Complaint, participating in discovery, gathering and/or providing information, answering
26  interrogatories and responding to other discovery, meeting on numerous occasions with Class
27  Counsel to assist in preparing litigation strategy, and assuming the risks of costs and hardships
28  that were not agreed to or experienced by other Class Members.  The Settlement Administrator

1  shall cause a Form 1099 to be issued to the Representative Plaintiff for the above-referenced

2  payment. Defendants agree not to object to the Representative Plaintiff's application for a class

3  representative payment in this amount.

4  **SECTION 12: ATTORNEYS' FEES AND COSTS**

5          12.   On the date that is 31 days following the date the Court enters a final

6  judgment and order approving the Joint Stipulation and provided no appeal is filed, Seventy-

7  Five Thousand Dollars ($75,000), subject to approval by the Court, shall be transferred from the

8  escrow account to Class Counsel for any and all attorneys' fees and costs to be payable to Class

9  Counsel associated with the prosecution of this Action.  Class Counsel represents that it signed

10  an agreement only with the Representative Plaintiff.  Class Counsel further represents and

11  agrees that none of the Class Members, except the Representative Plaintiff, entered into any

12  agreement of any type with Class Counsel relative to attorneys' fees and costs.  Class Counsel

13  will submit an application for attorneys' fees and costs for approval by the Court at least

14  fourteen (14) calendar days before the date of the Final Settlement Hearing. Defendants agree

15  not to oppose the application, so long as the application is consistent with the provisions of this

16  Joint Stipulation.  The payment of attorneys' fees and costs in the above manner will cover all

17  work performed and all costs incurred to date, all work to be performed and expenses to be

18  incurred in connection with the approval by the Court of this Joint Stipulation, all work to be

19  performed and expenses to be incurred up to and including the final dismissal of the Action with

20  prejudice and any and all other work performed or to be performed in any way relating to the

21  Action.  The Parties agree that the payment is reasonable in light of the issues and history of the

22  Action, as well as the agreement between Class Counsel and the Representative Plaintiff, as well

23  as all other factors such as the time and effort expended by Class Counsel, the benefits to the

24  Class achieved by Class Counsel, the risks of the litigation, the complexity of the litigation, and

25  the reputation and experience of Class Counsel.  A Form 1099 shall be issued to Class Counsel

26  as required by law.

27  ///

28  ///

1    **SECTION 13:  RELEASE BY THE CLASS AND CLASS MEMBERS**

2    13.    a.    Upon final approval by the Court of this Joint Stipulation at the
3 Final Settlement Hearing, and except as to such rights or claims as may be created by this Joint
4 Stipulation, the Releasors, and each of them, fully and finally release and forever discharge
5 Releasees, and each of them, of and from any and all claims, liabilities, demands, obligations,
6 costs, expenses, restitution, restoration of benefits, disgorgement, equitable relief, penalties,
7 attorneys' fees and costs, prejudgment interest, actions or causes of action of whatever kind or
8 nature, whether due or owing past, present or future, whether known or unknown, suspected or
9 unsuspected, fixed or contingent, matured or unmatured and foreseen or unforeseen, from
10 January 6, 1999 through the date of entry of the Preliminary Approval Hearing Order ("Claim
11 Period") on this Joint Stipulation and asserted and/or arising out of the Action, including
12 without limitation: (1)  any and all claims seeking to restore to the Pension Plan and/or the
13 Profit Sharing Plan any and all amounts that have allegedly been lost due to breaches of
14 fiduciary duty by the Plans' fiduciaries in investing the Plans' assets; (2)  any and all relief
15 relating in any manner to the reduction of participants' benefit accruals resulting from the
16 merger and/or termination of the Pension Plan; (3)  any and all relief set forth, attempted to be
17 set forth or which could have been set forth in the First Claim for Relief of the Complaint; (4)
18 any and all relief asserted, attempted to be asserted or which could have been set forth in the
19 Second Claim for Relief of the Complaint; (5)  any and all relief related to investment losses
20 suffered by the Plan during the Claim Period; (6)  any and all claims for relief related to account
21 statements provided or not provided to Class Members during the Claim Period; (7)  any and all
22 claims relating in any manner to the alleged failure to inform Class Members of the merger of
23 the Pension Plan or the purported termination of the Pension Plan; (8)  any and all claims
24 relating to the alleged failure to contribute monies to the Pension Plan on and after April 1, 2001
25 to the end of the Claim Period; (9)  any and all claims relating in any manner to the settlement
26 with Quick & Reilly; (10)  any and all claims relating to breach of fiduciary duty concerning in
27 any manner the trading relative to the Plan accounts; (11)  any and all claims relating to the
28 diversification of the investment holdings for the Plans; (12)  any and all claims relating to the

{6493/002/00192167.DOC}                        19

1  investment of the assets of either Plan; (13)  any and all rights to any contributions to be made to

2  the Pension Plan after March 31, 2001; (14)  any and all rights to notification of the merger of

3  the Pension Plan into the Profit Sharing Plan; (15)  any and all rights relating to the termination

4  of the Pension Plan; and (16) any and all rights relating to any cutbacks of benefits under, by or

5  through the Pension Plan.

6              b.     Releasors, and each of them, further waive all rights and benefits

7  afforded by section 1542 of the Civil Code of the State of California, and do so understanding

8  the significance of that waiver.  Section 1542 provides:

9                    A general release does not extend to claims which the
                     creditor does not know or suspect to exist in his or her favor
10                   at the time of executing the release, which if known by him
                     or her must have materially affected his or her settlement
11                   with the debtor[p1].

12             In order to achieve a full and complete release, Releasors specifically

13  acknowledge that this Joint Stipulation is intended to include, in its effect, not only all Claims

14  that are known to Releasors, but also all Claims that the Releasors do not know or suspect to

15  exist in their favor at the time of the execution of this Joint Stipulation that relate in any way to

16  the Claims released in this Action.

17  **SECTION 14:  DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL**

18             14.    The Parties shall promptly submit this Joint Stipulation to the Court for

19  the Court's preliminary approval and determination as to the Joint Stipulation's fairness,

20  adequacy, and reasonableness at the Preliminary Approval Hearing.  Class Counsel shall prepare

21  the moving papers.  Promptly upon the Parties' execution of this Joint Stipulation, the Parties

22  shall apply to the Court for the entry of a preliminary order, attached as Exhibit "C", seeking at

23  least the following:

24             a.     The scheduling of the Final Settlement Hearing on the question of

25  whether the Joint Stipulation should be approved as fair, reasonable and adequate as to Class

26  Members.   The approval shall also include that the Class be conditionally certified for

27  settlement purposes only and pursuant to Rule 23(b)(1) and/or (b)(2) of the Federal Rules of

28  Civil Procedure.  No Class Members will be permitted to opt out of the Class.  In the event that

1  this Joint Stipulation is nullified or invalidated for any reason, including that the Court fails to

2  give preliminary or final approval to the Joint Stipulation, the Court fails to order any of the

3  other relief set forth in this Joint Stipulation, a failure of a condition precedent occurs, the Court

4  disapproves of any terms or condition of the Joint Stipulation, or if the Court modifies or

5  amends any portion of the Joint Stipulation, the conditional certification shall be vacated, shall

6  be null and void and shall be of no force or effect in the Action as to all Parties herein at the

7  option of either party. Each party may exercise his/its option to void this Joint Stipulation for

8  the reasons set forth in this Section by giving notice, in writing, to the other and to the Court at

9  any time prior to final approval of this Joint Stipulation by the Court.

10                    b.        Approval as to form and content of the proposed Notice;

11                    c.        A direction to mail the Notices by first-class mail to the Class

12  Members;

13                    d.        That the Class Members shall have until dates certain for the

14  following:

15                              1.        The Objection Deadline regarding the Joint Stipulation, as

16  more fully discussed in paragraph 15 below; and

17                    e.        Approving the Settlement Administrator; and

18                    f.        A preliminary adjudication that the Pension Plans has and is

19  terminated effective July 1, 2001, and that all of its assets were then merged into the Profit

20  Sharing Plan. This adjudication shall specifically provide that no Class Member shall be or is

21  entitled to any contribution to, under, by and/or through the Pension Plan after March 31, 2001.

22                    **SECTION 15: OBJECTIONS TO JOINT STIPULATION**

23                    15.       The Parties agree that a Class Member may enter an appearance

24  personally or through an attorney, and may object to the Joint Stipulation by filing his or her

25  objections with the Court and by also submitting objections to Class Counsel and Defendants'

26  Counsel. No Class Member shall be heard or entitled to object to the Joint Stipulation, and no

27  briefs or papers submitted by any such person shall be considered by the Court, unless written

28  notice of intention to appear at the Final Settlement Hearing, together with copies of all papers

{6493/002/00192167.DOC}                          21

1    and briefs shall have been filed with the Court and mailed to Class Counsel and Defendants'

2    Counsel with a postmark no later than a date to be set by the Court at the Preliminary Approval

3    Hearing. All such objections and written notices of intention to appear must be signed and must

4    contain the Class Member's address, the address of counsel, if any, and the name of and the case

5    number for the Action  The objection should clearly explain why the Class Member objects to

6    the Joint Stipulation and state whether the Class Member (or someone on his or her behalf)

7    intends to appear at the Final Settlement Hearing. If a Class Member submits a timely and

8    complete objection and written notice of intention to appear, the Class Member may appear

9    personally or through an attorney, at his or her own expense, at the Final Settlement Hearing to

10    present his or her objection directly to the Court. If a Class Member unsuccessfully objects to

11    the Joint Stipulation, the Class Member will remain a member of the Class if the Court approves

12    the Joint Stipulation and be bound by the terms of the Joint Stipulation and Final Judgment in

13    the same way and to the same extent as a Class Member who does not object. Any member of

14    the Class who does not make and serve his or her written objections or written notice of

15    intention to appear in the manner provided above, shall be deemed to have waived such

16    objections and shall be foreclosed from making any objections by appeal or otherwise to the

17    Joint Stipulation and/or Final Judgment. Any member of the Class who is satisfied with the

18    Joint Stipulation need not appear at the Final Settlement Hearing.

19    **SECTION 16: DUTIES OF THE PARTIES CONCERNING**

20    **FINAL COURT APPROVAL**

21    16.     Following final approval of the Joint Stipulation by the Court at the Final

22    Settlement Hearing, Class Counsel will submit a proposed final order, substantially in the form

23    attached as Exhibit "D" or as otherwise reasonably requested by Defendants' Counsel, subject to

24    approval by the Court:

25          a.     Approving the Joint Stipulation, adjudging, among other things,

26    the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms

27    and provisions;

28          b.     Approving the Distribution Plan;

{6493/002/00192167.DOC}        22

1     c. Approving Plaintiffs' counsel's application for an award of

2 attorneys' fees and reimbursement of costs;

3     d. Approving the class representative payment;

4     e. Certifying the Class pursuant to Rule 23(b)(1) and/or (b)(2) of the

5 Federal Rules of Civil Procedures and ordering that all Class Members are bound;

6     f. An adjudication that the Pension Plan has and is terminated

7 effective July 1, 2001 and that all of its assets were merged in the Profit Sharing Plan. This

8 adjudication shall specifically provide for no Class Member shall be or is entitled to any

9 contribution to, under, by and/or through the Pension Plan after March 31, 2001;

10     g. Entry of a final judgment that dismisses the Action with prejudice,

11 which permanently bars all Claims released in Section 13 of this Joint Stipulation and which

12 retains jurisdiction to enforce the provisions of the Joint Stipulation and Final Judgment. The

13 Final Judgment shall include the entry of an injunction permanently enjoining, barring and

14 forever precluding any and all Releasors from initiating, pursuing or prosecuting (or allowing to

15 be initiated, pursued or prosecuted in their own right or on their own behalf) any of the Claims

16 released in Section 13 of this Joint Stipulation or adjudicated in the final judgment. The

17 permanent bar and injunction shall include any claims that may, could be or are asserted against

18 Releasees, or any of them, for any of the Claims released in this action.

19     h. Included in the final judgment the releases set forth in Section 13

20 of this Joint Stipulation.

21     **SECTION 17:  CONTINUING JURISDICTION**

22    17. The Court has, and shall continue to have, jurisdiction to make any orders

23 as may be appropriate to effectuate, consummate, and enforce the terms of this Joint Stipulation

24 and Final Judgment, including the releases and the injunctive relief, and to supervise the

25 administration of and distribution of monies under the Distribution Plan to Class Counsel and/or

26 the Representative Plaintiff.

27 ///

28 ///

{6493/002/00192167.DOC}     23

## SECTION 18: ENFORCING/VOIDING THE AGREEMENT

18.     If any material or substantial term set forth in the preceding sections is not met and satisfied, this Joint Stipulation shall, at the option of either party, be ineffective, void and of no further force or effect and shall not be used nor be admissible in any subsequent proceedings in this Court or in any other forum or proceeding of any type.  In the event of a failure of any condition precedent, a failure of the Court to give final approval to the Joint Stipulation at the Final Settlement Hearing, a failure of the Court to issue any of the other relief set forth herein, any decision by the Court to disapprove any condition or term of the Joint Settlement, any modification or amendment by the Court of any portion of the Joint Stipulation, this Joint Stipulation shall then be void and unenforceable as to all Parties herein at the option of either party.  Each party may exercise his/its option to void this Joint Stipulation by giving notice, in writing, to the other and to the Court at any time prior to final approval of this Joint Stipulation by the Court.

## SECTION 19. PARTIES' AUTHORITY

19.     Class Counsel represents that he/she/it are fully authorized to enter into this Joint Stipulation on behalf of the Representative Plaintiff.  Defendants' Counsel represents that he/she/it are fully authorized to enter into this Joint Stipulation on behalf of Defendants.

## SECTION 20: MUTUAL FULL COOPERATION

20.     The Parties agree to cooperate fully with each other to accomplish the terms of this Joint Stipulation, including but not limited to, executing such documents and taking such other action as may be reasonable or necessary to implement the terms and intent of this Joint Stipulation.

## SECTION 21: NO PRIOR ASSIGNMENTS

21.     The Representative Plaintiff and the Class represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any matter released in Section 13. Defendants shall have no obligation to pay or otherwise resolve any liens that are or may be asserted against the Claim Share payments to the Class Members or the payments to the

{6493/002/00192167.DOC}                    24

1  Representative Plaintiff pursuant to the terms of this Joint Stipulation. In the event that any

2  such lien is asserted, it is the responsibility of the Class Member and/or the Representative

3  Plaintiff to pay, compromise or otherwise resolve the lien at no cost to Defendants.

4  ## SECTION 22: NO ADMISSION

5  22.     Nothing contained herein, nor the consummation of this Joint Stipulation,

6  is to be construed or deemed an admission of liability, culpability, faulty, negligence, or

7  wrongdoing on the part of Defendants or any Releasee, and Defendants and Releasees expressly

8  deny the same. The Parties have entered into this Joint Stipulation with the intention to avoid

9  further disputes and litigation with the attendant inconvenience, business and personal

10  disruption, and expenses. In the event the judgment is overturned, reversed, not affirmed in its

11  entirety, or never becomes final, or the Joint Stipulation is nullified or modified for any reason,

12  Defendants do not waive any and all rights, including its right to oppose class certification of the

13  Claims. This Joint Stipulation is a settlement document and shall, pursuant to Rule 408 of the

14  Federal Rules of Evidence, be inadmissible in evidence in any proceeding, except an action or

15  proceeding to approve, interpret, or enforce this Joint Stipulation.

16  ## SECTION 23: ENFORCEMENT ACTIONS

17  23.     In the event that Defendants, the Representative Plaintiff or any Class

18  Member institutes any legal action, arbitration, or other proceeding against the other to enforce

19  the provisions of this Joint Stipulation or to declare rights and/or obligations under this Joint

20  Stipulation, the successful litigant shall be entitled to recover from the unsuccessful litigant

21  reasonable attorneys' fees and costs, including expert witness fees, incurred in connection with

22  any such action, arbitration or proceeding.

23  ## SECTION 24: NOTICES

24  24.    a.     Unless otherwise specifically provided herein, all notices,

25  demands or other communications given hereunder shall be in writing and shall be deemed to

26  have been duly given as of the third business day after mailing by United States registered or

27  certified mail, return receipt requested, addressed as follows:

28  ///

{6493/002/00192167.DOC}                        25

**To the Representative Plaintiff and the Class:**
Daniel Feinberg
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Fax: (510) 839-7839

and

Arturo Aguilar
c/o Daniel Feinberg
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Fax: (510) 839-7839

**To Defendants:**
William C. Hahesy, Esq.
SAGASER, JONES & HAHESY
2445 Capitol Street, Second Floor
Fresno, California 92721
Fax: (559) 233-9330

and

Mr. Mark Melkonian
MELKONIAN ENTERPRISES, INC.
2730 South De Wolf Avenue
Sanger, California 93657
Fax: (559) 266-0988

**To Settlement Administrator:**

ROSENTHAL & COMPANY, LLC
Post Office Box 6177
Novato, California 94948-6177
800-207-0343

        b.      Either party may re-designate the Person to receive notices, requests, demands or other communications required or permitted by this Joint Stipulation by providing written notice to the other Party and the Court.

///

///

///

{6493/002/00192167.DOC}                          26

### SECTION 25:  CONSTRUCTION

25.    The Parties agree that the terms and conditions of this Joint Stipulation are the result of lengthy, intensive arms-length negotiations between them, and that this Joint Stipulation shall not be construed in favor of or against any of the Parties.

### SECTION 26:  CAPTIONS AND INTERPRETATIONS

26.    Section titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Joint Stipulation or any provision hereof.

### SECTION 27.:  MODIFICATION

27.    This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by Class Counsel and Defendants' Counsel and approved by the Court.  This Joint Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by Class Counsel and Defendants' Counsel.

### SECTION 28:  INTEGRATION CLAUSE

28.    This Joint Stipulation contains the entire agreement between the Parties and supersedes any prior agreements, promises, negotiations, or representations, whether oral or written, with respect to the subject matter hereof.   The Parties acknowledge that no representations, inducements, promises or statements, oral or otherwise, have been made or relied on by any of the Parties or by anyone acting on behalf of the Parties which are not embodied or incorporated by reference herein, and further agree that no other covenant, representation, inducement, promise or statement not set forth in writing in this Joint Stipulation shall be valid or binding.

### SECTION 29:  BINDING ON ASSIGNS

29.    This Joint Stipulation shall be binding upon and inure to the benefit of Releasees, the Representative Plaintiff and the Releasors, and their respective heirs, trustees, and executors, administrators, successors and assignees.

///

///

{6493/002/00192167.DOC}                27

## SECTION 30:  CLASS COUNSEL SIGNATORIES

30.    It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Joint Stipulation. Upon entry of the Preliminary Approval order, Class Counsel shall be authorized by the Class Members, and by the Court, to take all appropriate action required or permitted to be taken by the Class pursuant to this Joint Stipulation to effectuate its terms, and is authorized to enter into any modification or amendment to this Joint Stipulation on behalf of the Class which they deem appropriate.

## SECTION 31:  COUNTERPARTS

31.    This Joint Stipulation may be executed in counterparts, including fax counterparts, and when at least one such counterpart has been signed and delivered, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to Defendants and the Releasors.

## SECTION 32: CHOICE OF LAW AND FORUM

32.    This Joint Stipulation in all respects shall be interpreted, enforced and governed by and under the laws of the State of California and the United States, as may be applicable. Any action pertaining to the terms of this Joint Stipulation shall be heard by Mag. Judge O'Neill in United States District Court, Eastern District, Fresno Division.

DATED: _July 3,_____, 2006        By: _____

Arturo Aguilar,
Plaintiff and Representative Plaintiff

DATED: _____, 2006         MELKONIAN ENTERPRISES, INC.

By: _____

Mark Melkonian,
President for Defendant

*Additional signatures on page 29*

{6493/002/00184603.DOC}                          28

JOINT STIPULATION OF SETTLEMENT

**SECTION 30:  CLASS COUNSEL SIGNATORIES**

30.     It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Joint Stipulation.  Upon entry of the Preliminary Approval order, Class Counsel shall be authorized by the Class Members, and by the Court, to take all appropriate action required or permitted to be taken by the Class pursuant to this Joint Stipulation to effectuate its terms, and is authorized to enter into any modification or amendment to this Joint Stipulation on behalf of the Class which they deem appropriate.

**SECTION 31:  COUNTERPARTS**

31.     This Joint Stipulation may be executed in counterparts, including fax counterparts, and when at least one such counterpart has been signed and delivered, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to Defendants and the Releasors.

**SECTION 32: CHOICE OF LAW AND FORUM**

32.     This Joint Stipulation in all respects shall be interpreted, enforced and governed by and under the laws of the State of California and the United States, as may be applicable.  Any action pertaining to the terms of this Joint Stipulation shall be heard by Mag. Judge O'Neill in United States District Court, Eastern District, Fresno Division.

DATED: _____, 2006     By: _____
                                         Arturo Aguilar,
                                         Plaintiff and Representative Plaintiff


DATED: _6/30_____, 2006     MELKONIAN ENTERPRISES, INC.

                                   By: _____
                                         Mark Melkonian,
                                         President for Defendant


*Additional signatures on page 29*

{6493/002/00192167.DOC}                    28

DATED: ___6__/__30___, 2006

_____
Mark Melkonian,
Defendant

**APPROVED AS TO FORM AND CONTENT:**

DATED: _____, 2006          LEWIS, FEINBERG, RENAKER &
                                          JACKSON, P.C.

By: _____
     Daniel Feinberg,
     Attorneys for Plaintiff and
     Representative Plaintiff

DATED: ___July 26___, 2006          SAGASER, JONES & HAHESY

By: _____
     William C. Hahesy,
     Attorneys for Defendants
     Melkonian Enterprises, Inc. and
     Mark Melkonian

(6493/002/00192167.DOC)                        29

'07/26/'2006  11:02    15100397039            LEWIS FEINBERG              PAGE  03/03

1  DATED: _____, 2006
2                                        Mark Melkonian,
                                         Defendant
3
4  APPROVED AS TO FORM AND CONTENT:
5  DATED:  __July 26___, 2006            LEWIS, FEINBERG, RENAKER &
6                                        JACKSON, P.C.
7
8                                        By: _Daniel Feinberg_ (by V.C.)
                                             Daniel Feinberg,
9                                            Attorneys for Plaintiff and
                                             Representative Plaintiff
10
11 DATED: _____, 2006          SAGASER, JONES & HAHESY
12
13                                        By: _____
14                                            William C. Hahesy,
                                             Attorneys for Defendants
15                                           Melkonian Enterprises, Inc. and
                                             Mark Melkonian
16
17
18
19
20
21
22
23
24
25
26
27
28

{6493/002/00184603.DOC}                   29

JOINT STIPULATION OF SETTLEMENT

# EXHIBIT B

6493-2A

# ORIGINAL



**RETIREMENT PLAN**
C O N S U L T A N T S

**PERSONAL AND CONFIDENTIAL**

August 1, 2006

William C. Hahesy
**Sagaser, Jones & Hahesy**
2445 Capitol Street, Second Floor
Fresno, CA 93721

**RE: Aguilar v. Melkonian Enterprises, Inc., et al.**

Dear Mr. Hahesy;

In regards to the above referenced matter, we have enclosed the revised calculation for claims #1 and #2. We have also enclosed a copy of your letter dated June 30, 2006 and the corresponding Section 10: Calculation of Claim Shares instructions. Items that we assumed are noted on the instructions in red pencil.

If you would like the spreadsheet emailed to you or if you have any questions, please let us know.

Sincerely,
**RETIREMENT PLAN CONSULTANTS**

Janet January, CPA, APA
JJ/jt

Enclosures
cc w/encl.: Mark Melkonian
           Jeff Markarian, CPA

Aguilar v. Melkonian
Settlement Plan Participants

6493-002

Melkonian Enterprises, Inc.
4-1-01 to 3-31-05
Calculation of Claim Share for Second Claim for Relief in Complaint

| Unable to Locate* | Plan Participant Name | Comp 3/31/2002 | 3/31/2003 | 3/31/2004 | 3/31/2005 | TOTAL | Total Claim #2 Share |
|---|---|---|---|---|---|---|---|
| | Aguilar, Arturo | 20,616.88 | 20,999.28 | 26,776.25 | | 68,392.41 | $ 1,519.29 |
| | Alvarado, Jorge Antonio | | | | 108.00 | 108.00 | $ 2.40 |
| | Benegas, Miguel | | | | | 0.00 | $ - |
| | Camarena, Judit | | | | | 0.00 | $ - |
| | Carrera, Mauro Reyes | 5,183.05 | 5,480.29 | 1,419.19 | | 12,082.53 | $ 268.41 |
| | Castillo, Miguel | 12,095.27 | 17,129.64 | 16,106.18 | 17,699.97 | 63,031.06 | $ 1,400.19 |
| T. 01/01/80 | Cicerno, H. | | | | | 0.00 | $ - |
| | Euceda-Alvarado, Calixta | 16,145.16 | 8,256.45 | | | 24,401.61 | $ 542.07 |
| T.10/20/95 | Fernandez, Aurelio | | | | | 0.00 | $ - |
| | Fernandez, Miguel C. | | | | | 0.00 | $ - |
| T. 08/18/77 | Flores, J. | | | | | 0.00 | $ - |
| | Flores, Selbino | | | | | 0.00 | $ - |
| | Galindo, Artemio | | | | | 0.00 | $ - |
| T. 10/01/81 | Galindo, Catarino | | | | | 0.00 | $ - |
| | Garcia, Juan B | 12,271.86 | 9,815.53 | | | 22,087.39 | $ 490.86 |
| | Garcia, Juan, Jr. | 9,335.68 | 17,513.57 | 15,365.41 | 16,615.77 | 58,830.43 | $ 1,306.68 |
| | Gonzales, Mary Hope | | 21,802.49 | 21,282.30 | | 43,084.79 | $ 957.10 |
| | Hernandez, Francisco | | | | | 0.00 | $ - |
| | Hyatt, Stan | | 26,712.58 | 33,692.78 | 35,657.78 | 96,063.10 | $ 2,176.41 |
| | Iglesias, Vicente | | | | | 0.00 | $ - |
| | Inouye, John | | | | | 0.00 | $ - |
| T. 11/23/93 | Jimenez, Pedro | | | | | 0.00 | $ - |
| | Martinez, Charles Matthew | 25,583.10 | 25,533.31 | 25,080.86 | 23,866.22 | 100,063.51 | $ 2,222.85 |
| | Martinez, Silvestre Martinez | | | | | 0.00 | $ - |
| | Melkonian, Dennis | | | | | 0.00 | $ - |
| | Melkonian, Douglas | | | | | 0.00 | $ - |
| | Melkonian, Mark | | | | | 0.00 | $ - |
| | Melkonian, Paulette | | | | | 0.00 | $ - |
| | Melkonian, Susan | | | | | 0.00 | $ - |
| | Melkonian, Victoria (aka | | | | | 0.00 | $ - |
| | Melkonian, Violet | | | | | 0.00 | $ - |
| T. 10/31/80 | Morillo, Miguel | | | | | 0.00 | $ - |
| T. 08/22/80 | Orozco, Filemon | | | | | 0.00 | $ - |
| | Pena, Rodolfo M. | 7,962.92 | 9,016.85 | 7,972.04 | 8,571.91 | 33,523.52 | $ 744.70 |
| | Phat, Diep | | | | | 0.00 | $ - |
| | Ramos, Ignacio | | | 6,463.29 | 7,276.61 | 13,739.90 | $ 305.22 |
| | Ramos, Ignacio, Jr. | | 9,801.33 | 9,249.49 | 14,614.62 | 33,665.44 | $ 747.88 |
| T. 01/01/77 | Reyes, A. | | | | | 0.00 | $ - |
| T 12/02/83 | Rivas, Pete | | | | | 0.00 | $ - |
| | Rodriguez, Maria Jesus | | | | | 0.00 | $ - |
| | Sanchez, Hermina | 4,702.56 | 5,528.40 | 4,976.55 | 4,999.34 | 20,206.85 | $ 448.88 |
| | Sanchez, Jose G | 12,726.10 | 13,516.80 | 12,696.46 | 13,405.51 | 52,344.87 | $ 1,162.80 |
| | Sandoval, Juan Carlos | 9,118.11 | 6,753.48 | | | 15,871.59 | $ 352.58 |
| | Sloane, Nathaniel | | | | | 0.00 | $ - |
| | Soriano, Pedro Betancourt | | | | | 0.00 | $ - |
| | Soto, Guillermo | 11,759.56 | 15,258.33 | 15,189.09 | 18,208.87 | 60,415.85 | $ 1,342.10 |
| | Soto, Juan | 13,612.40 | 16,079.09 | 16,453.18 | 20,216.07 | 66,560.72 | $ 1,523.03 |
| | Soto, Maria | | | | 14,522.26 | 14,522.26 | $ 322.80 |
| T. 11/28/95 | Star, A. | | | | | 0.00 | $ - |
| | Toste, Manuel | 20,630.79 | 19,985.04 | 11,103.40 | 16,725.50 | 68,444.73 | $ 1,520.46 |
| T. 01/01/79 | Valencia, F. | | | | | 0.00 | $ - |
| T. 04/28/77 | Valencia, G. | | | | | 0.00 | $ - |
| | Vasquez, Miguel Flores | | 11,853.18 | 2,601.34 | 7,244.57 | 21,699.09 | $ 488.47 |
| | Venegas, Herlindo | | | | | 0.00 | $ - |
| | Venegas, Jesus | 10,680.01 | 11,757.80 | 7,116.44 | | 29,553.25 | $ 656.51 |
| | Venegas, Miguel | 6,845.65 | 8,135.61 | 7,460.63 | | 22,441.89 | $ 498.53 |
| | Villegas, Clemente | | | | | 0.00 | $ - |
| | Weisner, Larry | | | | | 0.00 | $ - |
| | Suspense acct. | | | | | 0.00 | $ - |
| | | 198,469.10 | 285,928.65 | 241,203.86 | 219,732.98 | 945,334.59 | $ 21,000.00 |

$21,000

\* During the 1999-2000 plan year, we sent IRS locator letters on these individuals.  We were unable to find them.
\*\*Year the plans were merged.

Melkonian Enterprises, Inc.
4-1-01 to 3-31-05
Calculation of Claim Share for First Claim for Relief in Complaint

*30% limit.*

| | TOTAL 01 MP Claim | TOTAL 02 PS Claim | TOTAL 03 PS Claim | TOTAL 04 PS Claim | TOTAL 05 PS Claim | Total Claim / # Share |
|---|---|---|---|---|---|---|
| Aguilar, Arturo | 16,088.52 | 20,208.06 | 2,188.37 | 2,197.97 | 2,127.66 | $ 42,810.60 |
| Alvarado, Jorge Antonio | 61.09 | 44.52 | 4.76 | 4.71 | 4.60 | $ 119.68 |
| Benegas, Miguel | 0.00 | 150.57 | 18.68 | 14.44 | 12.81 | $ 196.50 |
| Camarena, Juan | 116.43 | 222.57 | 27.60 | 21.33 | 18.93 | $ 406.86 |
| Camera, Mauro Reyes | 806.49 | 625.12 | 69.60 | 69.44 | 61.81 | $ 1,633.26 |
| Castillo, Miguel | 3,809.40 | 3,070.52 | 351.70 | 367.18 | 379.14 | $ 7,977.94 |
| Cicerino, H. | 673.83 | 1,273.11 | 157.89 | 122.04 | 108.29 | $ 2,334.96 |
| Euceda-Alvarado, Calixta | 2,564.02 | 2,160.47 | 243.61 | 241.16 | 233.45 | $ 5,442.71 |
| Fernandez, Aurelio | 110.23 | 81.38 | 10.09 | 7.80 | 6.93 | $ 216.43 |
| Fernandez, Miguel C. | 108.14 | 77.35 | 9.59 | 7.41 | 6.58 | $ 207.07 |
| Flores, J. | 140.19 | 236.00 | 29.27 | 22.62 | 20.08 | $ 448.16 |
| Flores, Selbino | 838.82 | 1,768.11 | 188.95 | 187.04 | 181.06 | $ 3,163.98 |
| Galindo, Artemio | 1,639.06 | 1,287.54 | 137.59 | 106.35 | 94.37 | $ 3,264.91 |
| Galindo, Catarino | 213.09 | 407.41 | 50.53 | 39.05 | 34.65 | $ 744.73 |
| Garcia, Juan B | 5,206.12 | 5,114.44 | 560.05 | 554.40 | 536.68 | $ 11,971.69 |
| Garcia, Juan, Jr. | 2,008.67 | 1,625.98 | 197.86 | 214.01 | 229.42 | $ 4,275.94 |
| Gonzales, Mary Hope | 0.00 | 0.00 | 30.00 | 54.84 | 53.08 | $ 137.92 |
| Hernandez, Francisco | 234.53 | 580.13 | 71.95 | 55.61 | 49.34 | $ 991.56 |
| Hyatt, Stan | 0.00 | 0.00 | 39.51 | 78.91 | 124.12 | $ 242.54 |
| Iglesias, Vicente | 280.58 | 218.93 | 27.15 | 20.98 | 18.62 | $ 566.24 |
| Inouye, John | 78.70 | 130.20 | 16.15 | 12.48 | 11.07 | $ 248.60 |
| Jimenez, Pedro | 560.18 | 413.59 | 51.29 | 39.64 | 35.18 | $ 1,099.88 |
| Martinez, Charles Matthew | 1,185.39 | 1,267.14 | 170.55 | 198.45 | 224.06 | $ 3,045.59 |
| Martinez, Silvestre Martinez | 15.90 | 11.59 | 1.24 | 1.22 | 1.18 | $ 31.13 |
| Melkonian, Dennis | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| Melkonian, Douglas | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| Melkonian, Mark | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| Melkonian, Pauleta(Class Member A/B/C) | 23,615.55 | 24,579.45 | 2,835.00 | 2,835.00 | 2,835.00 | 56,700.00 |
| Melkonian, Susan | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| Melkonian, Victoria (aka Victoria | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| Melkonian, Violet | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |

Melikonian Enterprises, Inc.
4-1-01 to 3-31-05
Calculation of Claim Share for First Claim for Relief in Complaint

| | TOTAL 01 MP Claim | TOTAL 02 PS Claim | TOTAL 03 PS Claim | TOTAL 04 PS Claim | TOTAL 05 PS Claim | Total Claim #1 Share |
|---|---|---|---|---|---|---|
| Monío, Miguel | 190.29 | 365.28 | 45.30 | 35.01 | 31.07 | $ 666.95 |
| Orozco, Filemon | 120.35 | 230.10 | 28.53 | 22.06 | 19.57 | $ 420.61 |
| Pena, Rodolfo M. | 1,349.39 | 1,108.45 | 130.86 | 138.96 | 145.99 | $ 2,873.65 |
| Phat, Diep | 32.40 | 33.18 | 4.12 | 3.18 | 2.82 | $ 75.70 |
| Ramos, Ignacio | 0.00 | 0.00 | 0.00 | 2.45 | 4.82 | $ 7.27 |
| Ramos, Ignacio, Jr. | 0.00 | 0.00 | 13.49 | 24.27 | 43.07 | $ 80.83 |
| *Reyes, A. (see note) | 398.90 | 799.22 | 90.46 | 81.62 | 76.74 | $ 1,446.94 |
| Rivas, Pete | 88.41 | 93.35 | 11.58 | 8.94 | 7.94 | $ 210.22 |
| Rodriguez, Maria Jesus | 0.00 | 44.78 | 4.79 | 4.74 | 4.59 | $ 58.90 |
| Sanchez, Hermina | 416.77 | 322.32 | 37.16 | 38.67 | 39.12 | $ 854.04 |
| Sanchez, Jose G | 3,492.33 | 2,831.91 | 321.23 | 332.99 | 340.29 | $ 7,318.75 |
| Sandoval, Juan Carlos | 0.00 | 119.95 | 16.14 | 15.97 | 15.46 | $ 167.52 |
| Sbane, Maria | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| Soriano, Pedro Betancourt | 842.85 | 614.20 | 65.64 | 64.98 | 62.89 | $ 1,650.56 |
| Soto, Guillermo | 2,572.13 | 2,151.47 | 250.91 | 266.32 | 282.18 | $ 5,523.01 |
| Soto, Juan | 3,771.76 | 3,073.14 | 353.29 | 369.16 | 384.42 | $ 7,951.77 |
| Soto, Maria | 0.00 | 0.00 | 0.00 | 0.00 | 19.45 | $ 19.45 |
| Star, A. | 383.73 | 283.31 | 35.14 | 27.16 | 24.10 | $ 753.44 |
| Toste, Manuel | 698.35 | 830.66 | 116.27 | 128.21 | 146.51 | $ 1,920.00 |
| Valencia, F. | 121.15 | 203.96 | 25.30 | 19.55 | 17.35 | $ 387.31 |
| Valencia, G. | 110.00 | 185.20 | 22.97 | 17.75 | 15.76 | $ 351.68 |
| Vasquez, Miguel Flores | 0.00 | 0.00 | 16.31 | 17.21 | 16.66 | $ 50.18 |
| Venegas, Herlindo | 487.11 | 359.84 | 44.60 | 34.48 | 30.58 | $ 956.41 |
| Venegas, Jesus | 532.80 | 569.03 | 76.99 | 78.91 | 76.40 | $ 1,334.13 |
| Venegas, Miguel | 1,027.43 | 858.00 | 102.89 | 110.66 | 109.56 | $ 2,208.54 |
| Villegas, Clemente | 649.13 | 479.25 | 59.43 | 45.94 | 40.76 | $ 1,274.51 |
| Weisner, Larry | 1,021.07 | 819.92 | 87.62 | 86.73 | 83.97 | $ 2,099.31 |
| Suspense acct. | 61.44 | 0.00 | 0.00 | 0.00 | 0.00 | $ 61.44 |
| | 78,718.50 | 81,931.50 | 9,450.00 | 9,450.00 | 9,450.00 | $ 189,000.00 |